**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
**CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)**

1. **SEE NOTICE ON REVERSE.**  2. **PLEASE TYPE OR PRINT.**  3. **STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Software Freedom Conservancy, Inc. and Erik Andersen, | Southern District of New York | Shira A. Scheindlin |

| | Date the Order or Judgment Appealed from was Entered on the Docket: | District Court Docket No.: |
|---|---|---|
| v. | August 8, 2011 | 09-civ-10155(SAS) |

| | Date the Notice of Appeal was Filed: | Is this a Cross Appeal? |
|---|---|---|
| Best Buy Co., Inc., Samsung Electronics America, Inc., et al. | September 7, 2011 | ☐ Yes   ☑ No |

| Attorney(s) for Appellant(s): | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail: |
|---|---|
| ☐ Plaintiff<br>☐ Defendant | Barry M. Kazan, Esq., Thompson Hine LLP, 335 Madison Avenue, 12th Floor<br>New York, New York  10017<br>(212) 908-3921<br>(212) 344-6101<br>Barry.Kazan@ThompsonHine.com |

| Attorney(s) for Appellee(s): | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail: |
|---|---|
| ☑ Plaintiff<br>☐ Defendant | Daniel B. Ravicher, Esq., Software Freedom Law Center, Inc., 1995 Broadway, 17th Fl.<br>New York, New York  10023<br>(212) 580-0880<br>(212) 580-0898<br>ravicher@softwarefreedom.org |

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously?  ☑ Yes   ☑ No |
|---|---|---|---|
| Yes | | | If Yes, provide the following:<br><br>Case Name:  **Software Freedom Conservancy, Inc., et al.**<br><br>2d Cir. Docket No.:   Reporter Citation: (i.e., F.3d or Fed. App.)<br>**10-5290**   case withdrawn |

***ADDENDUM "A"***:  COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

***ADDENDUM "B"***:  COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

**PART A:  JURISDICTION**

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party        ☐ Diversity | ☐ Final Decision          ☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b)) |
| ☑ Federal question     ☐ Other (specify): _____<br>(U.S. not a party) | ☑ Interlocutory Decision Appealable As of Right          ☐ Other (specify): _____ |

**IMPORTANT.  COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

## PART B: DISTRICT COURT DISPOSITION   (Check as many as apply)

**1. Stage of Proceedings**
- [x] Pre-trial
- [ ] During trial
- [ ] After trial

**2. Type of Judgment/Order Appealed**
- [ ] Default judgment
- [ ] Dismissal/FRCP 12(b)(1) lack of subj. matter juris.
- [ ] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [ ] Judgment / Decision of the Court
- [ ] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [x] Other (specify): Contempt

**3. Relief**
- [ ] Damages:
  - [ ] Sought: $ _____
  - [ ] Granted: $ _____
  - [ ] Denied: $ _____
- [ ] Injunctions:
  - [ ] Preliminary
  - [ ] Permanent
  - [ ] Denied

## PART C: NATURE OF SUIT   (Check as many as apply)

**1. Federal Statutes**
- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [ ] Civil Rights
- [ ] Commerce
- [ ] Energy
- [ ] Commodities
- [ ] Other (specify): _____
- [ ] Communications
- [ ] Consumer Protection
- [x] Copyright [ ] Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [ ] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax

**2. Torts**
- [ ] Admiralty/ Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [ ] Other (Specify):

**3. Contracts**
- [ ] Admiralty/
- [ ] Maritime
- [ ] Arbitration
- [ ] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

**4. Prisoner Petitions**
- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

**5. Other**
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify): _____
- [ ] Other (specify): _____

**6. General**
- [ ] Arbitration
- [ ] Attorney Disqualification
- [ ] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

**7. Will appeal raise constitutional issue(s)?**
- [ ] Yes   [x] No

Will appeal raise a matter of first impression?
- [ ] Yes   [x] No

---

1. Is any matter relative to this appeal still pending below? [x] Yes, specify: alleged damages and attorney's fees   [ ] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A) Arises from substantially the same case or controversy as this appeal?   [ ] Yes   [x] No

   (B) Involves an issue that is substantially similar or related to an issue in this appeal?   [ ] Yes   [x] No

If yes, state whether [ ] "A," or [ ] "B," or [ ] both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No.: | Citation: | Court or Agency: |
|---|---|---|---|
| | | | |
| Name of Appellant: | | | |

---

| Date: 11/1/11 | Signature of Counsel of Record: |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $455 docketing fee to the United States District Court or the $450 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE:  IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**
**Thurgood Marshall United States Courthouse**
Office of the Clerk
40 Foley Square, New York, New York 10007

```
-------------------------------------------------------------x
SOFTWARE FREEDOM CONSERVANCY, INC.           :
and ERIK ANDERSEN,                           :
                                             :
        Plaintiff-Counter-Defendant-Appellees, :        Case No. 11-3639-cv
                                             :
            - against -                      :
                                             :
BEST BUY CO., INC.,                          :
                                             :
            Defendant-Counter-Claimant,      :
                                             :
SAMSUNG ELECTRONICS AMERICA, INC., JVC       :        CIVIL APPEAL
AMERICAS CORPORATION, WESTERN                :    PRE-ARGUMENT STATEMENT
DIGITAL TECHNOLOGIES, INC., ROBERT           :        ADDENDUM A
BOSCH LLC, PHOEBE MICRO, INC., HUMAX         :
USA INC., COMTREND CORPORATION,              :
DOBBS-STANFORD CORPORATION, VERSA            :
TECHNOLOGY INC., ZYXEL                       :
COMMUNICATIONS INC., ASTAK INC., and GCI     :
TECHNOLOGIES CORPORATION,                    :
                                             :
            Defendants,                      :
                                             :
WESTINGHOUSE DIGITAL LLC,                     :
                                             :
            Defendant-Appellant.             :
-------------------------------------------------------------x
```

## (1) THE NATURE OF THE ACTION

Plaintiff-Appellees Software Freedom Conservancy, Inc. and Erik Anderson filed a complaint in the United States District Court for the Southern District of New York against fourteen separate defendants for copyright infringement, including against defendant Westinghouse Digital Electronics LLC ("WDE"). WDE subsequently went out-of-business and stopped defending. The District Court then granted a judgment against WDE and issued a Permanent Injunction

against WDE. Plaintiff-Appellees later filed a motion pursuant to F.R.Civ.P.25(c) for joinder of Appellant Westinghouse Digital LLC ("WD") as a successor-in-interest to Westinghouse Digital Electronics LLC ("WDE") and filed a motion pursuant to Fed.R.Civ.P.65(d) for contempt of an Order and Injunction previously entered against WDE. By Opinion and Order dated April 14, 2011, the District Court denied Plaintiff's motion to join WD and found that WD was not the successor-in-interest to WDE.

(2) THE RESULT BELOW

By Opinion and Order dated August 8, 2011, the District Court granted Plaintiff's motion to hold WD in contempt.

Respectfully submitted,

Dated: November 1, 2011
      New York, New York

/s/Barry M. Kazan
Barry Kazan
Thompson Hine LLP
335 Madison Avenue
12th Floor
New York, New York 10017-4611
Phone: (212) 908-3921

*Attorneys for Defendant-Appellant*
*Westinghouse Digital LLC*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

```
--------------------------------------------------------------x
SOFTWARE FREEDOM CONSERVANCY, INC.          :
and ERIK ANDERSEN,                          :
                                            :
                            Plaintiffs,     :     09-Civ-10155 (SAS)
                                            :
              - against -                   :
                                            :
BEST BUY CO., INC., SAMSUNG ELECTRONICS     :
AMERICA, INC., WESTINGHOUSE DIGITAL         :
ELECTRONICS, LLC, JVC AMERICAS             :
CORPORATION, WESTERN DIGITAL                :
TECHNOLOGIES, INC., ROBERT BOSCH LLC,       :
PHOEBE MICRO, INC., HUMAX USA INC.,         :     NOTICE OF APPEAL
COMTREND CORPORATION, DOBBS-                :
STANFORD CORPORATION, VERSA                 :
TECHNOLOGY INC., ZYXEL                      :
COMMUNICATIONS INC., ASTAK INC., and GCI    :
TECHNOLOGIES CORPORATION,                   :
                                            :
                            Defendants.     :
--------------------------------------------------------------x
```



Notice is hereby given that WESTINGHOUSE DIGITAL LLC, a non-party in the above-named case, hereby appeals to the United States Court of Appeals for the Second Circuit from the Opinion and Order of Judge Shira A. Scheindlin granting Plaintiffs' motion to hold WESTINGHOUSE DIGITAL LLC in contempt of this Court's earlier injunction against Defendant Westinghouse Digital Electronics, LLC pursuant to Rule 65(d) of the Federal Rules of Civil Procedure entered in this action on August 8, 2011.

Dated: September 7, 2011
New York, New York

Respectfully submitted,
WESTINGHOUSE DIGITAL LLC

By: _____
Barry M. Kazan
Thompson Hine LLP
335 Madison Avenue, 12th Floor
New York, New York 10017
(212) 344-5680

*Attorney for Westinghouse Digital LLC*

TO:

Daniel Ben Ravicher, Esq.
Michael Andrew Spiegel, Esq.
Software Freedom Law Center, Inc.
1995 Broadway, 17th Floor
New York, New York 10023
(212) 580-0880

*Attorneys for Software Freedom Conservancy, Inc.*

Daniel Ben Ravicher, Esq.
Benjamin N. Cardozo School of Law
55 Fifth Avenue
New York, NY 10003
(212) 790-0442

*Attorney for Erik Andersen*

Kyle Bradford Fleming, Esq.
Baker & Daniels
111 East Wayne Street, Suite 800
Fort Wayne, Indiana 46802
(216) 816-7374

Sarah Hawa Bawany Yousuf, Esq.
Balber, Pickard, Battistoni, Maldonado & Van Der Tuin
1370 Avenue of the Americas
New York, New York 10019
(212) 246-2400

*Attorneys for Westinghouse Digital Electronics, LLC*

Andrew Kaver, Esq.
The Law Office of Andrew M. Kaver
32 Broadway, Suite 1710
New York, New York 10004
(212) 897-5803

Brian Scott Cohen, Esq.
Cohen Law Group, P.C.
1220 Broadway, Suite 708
New York, New York 10001
(212) 967-2879

*Attorneys for Phoebe Micro, Inc.*

David Leichtman, Esq.
Robins, Kaplan, Miller & Ciresi LLP
601 Lexington Avenue, Suite 3400
New York, New York 10022
(212) 980-7400

Emily Bab Kirsch, Esq.
Reed Smith
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

Shiou-Jin Christine Hwang Yang, Esq.
Law Offices of S.J. Christine Yang
17220 Newhope Street, Suite 101-102
Fountain Valley, California 92708
(714) 641-4022

*Attorneys for ZYXEL Communications Inc.*

Ognjan Varbanov Shentov, Esq.
Jones Day (Cleveland)
901 Lakeside Avenue
Cleveland, Ohio 44114
(212) 326-3650

Lynn Michelle Marvin, Esq.
Stela Christina Tipi, Esq.
Jones Day (NYC)
222 East 41st Street
New York, New York 10016
(212) 326-3939

*Attorneys for Western Digital Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the attached WESTINGHOUSE DIGITAL LLC'S

NOTICE OF APPEAL was served on September 7, 2011 by first-class mail upon:

Daniel Ben Ravicher, Esq.
Michael Andrew Spiegel, Esq.
Software Freedom Law Center, Inc.
1995 Broadway, 17th Floor
New York, New York 10023
(212) 580-0880

*Attorneys for Software Freedom Conservancy, Inc.*

Daniel Ben Ravicher, Esq.
Benjamin N. Cardozo School of Law
55 Fifth Avenue
New York, NY 10003
(212) 790-0442

*Attorney for Erik Andersen*

Kyle Bradford Fleming, Esq.
Baker & Daniels
111 East Wayne Street, Suite 800
Fort Wayne, Indiana 46802
(216) 816-7374

Sarah Hawa Bawany Yousuf, Esq.
Balber, Pickard, Battistoni, Maldonado & Van Der Tuin
1370 Avenue of the Americas
New York, New York 10019
(212) 246-2400

*Attorneys for Westinghouse Digital Electronics, LLC*

Andrew Kaver, Esq.
The Law Office of Andrew M. Kaver
32 Broadway, Suite 1710
New York, New York 10004
(212) 897-5803

Brian Scott Cohen, Esq.
Cohen Law Group, P.C.
1220 Broadway, Suite 708
New York, New York 10001
(212) 967-2879

*Attorneys for Phoebe Micro, Inc.*

David Leichtman, Esq.
Robins, Kaplan, Miller & Ciresi LLP
601 Lexington Avenue, Suite 3400
New York, New York 10022
(212) 980-7400

Emily Bab Kirsch, Esq.
Reed Smith
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

Shiou-Jin Christine Hwang Yang, Esq.
Law Offices of S.J. Christine Yang
17220 Newhope Street, Suite 101-102
Fountain Valley, California 92708
(714) 641-4022

*Attorneys for ZYXEL Communications Inc.*

Ognjan Varbanov Shentov, Esq.
Jones Day (Cleveland)
901 Lakeside Avenue
Cleveland, Ohio 44114
(212) 326-3650

Lynn Michelle Marvin, Esq.
Stela Christina Tipi, Esq.
Jones Day (NYC)
222 East 41st Street
New York, New York 10016
(212) 326-3939

*Attorneys for Western Digital Corporation*

Dated: September 7, 2011

Barry M. Kazan

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ X

SOFTWARE FREEDOM
CONSERVANCY, INC. and ERIK
ANDERSEN,

                 **Plaintiffs,**

     - against -

WESTINGHOUSE DIGITAL
ELECTRONICS, LLC, PHOEBE
MICRO, INC., ZYXEL
COMMUNICATIONS INC. and
WESTERN DIGITAL CORPORATION,

              **Defendants.**

------------------------------------------------------ X

**OPINION AND ORDER**

**09 Civ. 10155 (SAS)**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/8/11

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

On December 14, 2009, the Software Freedom Conservancy, Inc. and

Erik Andersen ("plaintiffs") brought an action against fourteen commercial

electronics distributors for copyright infringement.  Plaintiffs now move to hold

non-party Westinghouse Digital LLC ("WD") in contempt of this Court's earlier

injunction against Westinghouse Digital Electronics, LLC ("WDE") pursuant to

Rule 65(d) of the Federal Rules of Civil Procedure.  For the reasons discussed

below, plaintiffs' motion is granted.

## II.  BACKGROUND

In 1999, Andersen developed software, which he contributed to an open source computer program known as BusyBox.[1] On December 14, 2009, plaintiffs filed an action for copyright infringement against fourteen companies, including WDE.[2] Plaintiffs claim that the defendants were distributing BusyBox without plaintiffs' permission. After filing its answer and several initial disclosures, WDE ceased responding to plaintiffs' requests for discovery.[3] WDE informed this Court that it had sold all of its assets to Credit Management Association ("CMA") as part of a General Assignment for the Benefit of Creditors under California law and would not defend itself in the litigation.[4] In April 2010,

---

[1]    *See* 6/1/10 Declaration of Erik Andersen in Support of Motion for Default Judgment, or in the Alternative, Summary Judgment against Defendant Westinghouse Digital Electronics, LLC ("Andersen Decl.") ¶¶ 3-4.

[2]    *See* Complaint ("Compl.") ¶ 1.

[3]    *See Software Freedom Conservancy, Inc. v. Best Buy Co., Inc.*, No. 09 Civ. 10155, 2010 WL 2985320, at *1 (S.D.N.Y. July 27, 2010) ("*Software Freedom I*").

[4]    *See id.* WD claims that CMA, on behalf of WDE, made the decision to cease defending the action. *See* Respondent Westinghouse Digital, LLC's Opposition to Plaintiffs' Motion to Find Westinghouse Digital, LLC in Contempt ("WD Mem.") at 1-2.

2

WD purchased from CMA the assets needed to operate WDE's business.[5]  On June 3, 2010, plaintiffs moved for a default judgment or, in the alternative, summary judgment against WDE.[6]

In July of 2010, this Court entered a default judgment against WDE for failing to meet its discovery obligations and awarded plaintiffs permanent injunctive relief as well as damages.[7]  Plaintiffs now move to hold WD, a non-party to the injunction, in contempt.[8]

## III.   APPLICABLE LAW

### A.   Contempt

"A party may be held in contempt only if it is proven by 'clear and convincing' evidence that the party violated a 'clear and unambiguous' order of

---

[5]      *See* Memorandum of Law in Support of Plaintiffs' Motion to Find Westinghouse Digital, LLC in Contempt ("Pl. Mem.") at 3.  *See also* WD Mem. at 9.

[6]      *See Software Freedom I*, 2010 WL 2985320, at *1.

[7]      *See id.* at *3.

[8]      In August of 2010, plaintiffs moved to join WD and CMA as defendants under Rule 25(c) as successors in interest.  This Court denied both motions.  *See Software Freedom Conservancy Inc. v. Best Buy Co., Inc.*, – F. Supp. 2d –, No. 09 Civ. 10155, 2011 WL 1465837, at *1 (S.D.N.Y. April 14, 2011) ("*Software Freedom II*").

3

the court."[9]  "In the context of civil contempt, the clear and convincing standard

requires a quantum of proof adequate to demonstrate a 'reasonable certainty' that a

violation occurred."[10]

### B.    Enjoining a Non-Party

"As a general matter, a court may not enjoin a non-party that has not

appeared before it to have its rights legally adjudicated."[11]  However, under

Federal Rule of Civil Procedure 65(d), an injunction binds not only the parties, but

also the parties' "officers, agents, servants, employees, and attorneys" and "other

persons who are in active concert or participation with [them]" as long as they

"receive actual notice of it by personal service or otherwise."[12]  Under Rule 65(d),

---

[9]    *City of New York v. Local 28, Sheet Metal Workers' Int'l Ass'n*, 170
F.3d 279, 282 (2d Cir. 1999) (citation omitted).

[10]    *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002)
(citation omitted).

[11]    *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 154
F.3d 1345, 1351 (Fed. Cir. 1998) (citing *Chase Nat'l Bank v. City of Norwalk*, 291
U.S. 431, 436-37 (1943)).

[12]    Fed. R. Civ. P. 56(d)(2)(A)-(C). *Accord Vacco v. Operation Rescue
Nat'l*, 80 F.3d 64, 70 (2d Cir. 1996) ("Rule 65(d) codifies the well-established
principle that, in exercising its equitable powers, a court cannot lawfully enjoin the
world at large. In order for a court to hold a nonparty respondent in contempt of a
court order, the respondent must either [1] abet the [party named in the order], or
must [2] be legally identified with him.") (quotation marks and citations omitted).

4

an organization and its agents may not circumvent a valid court order merely by making superficial changes in the organization's name or form, and in appropriate circumstances a court is authorized to enforce its order against a successor of the enjoined organization. Whether a new organization is the successor of an enjoined organization depends upon the facts and circumstances of the case. *The critical inquiry is whether there is a substantial continuity of identity between the two organizations.*[13]

"The party seeking enforcement of an order bears the burden of demonstrating that the persons to be held in contempt are within the scope of the injunction."[14]

## C.   Fair Use Doctrine

Under the fair use doctrine, "the fair use of a copyrighted work . . . for purposes such as criticism, comment, news reporting, teaching . . . , scholarship or research is not an infringement of copyright."[15]  The fair use doctrine "permits [and requires] courts to avoid rigid application of the copyright statute when, on occasion, it would stifle the very creativity which that law is designed to foster."[16] Whether the use of a work is "fair use" turns on

(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational

---

[13]    *Vacco*, 80 F.3d at 70 (citations omitted) (emphasis added).

[14]    *Id.*

[15]    17 U.S.C. § 107.

[16]    *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577 (1993) (quotation marks and citation omitted) (alterations in original).

5

purposes;
(2) the nature of the copyrighted work;
(3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
(4) the effect of the use upon the potential market for or value of the copyrighted work.[17]

"The last factor is undoubtedly the single most important element of fair use."[18] "Although defendants bear the burden of proving that their use was fair, . . . they need not establish that each of the factors set forth in § 107 weighs in their favor."[19]

## IV.  DISCUSSION

WD argues that plaintiffs' allegations do not support a finding of contempt for the following reasons: (1) WD does not fall under Rule 65(d) because it is not a successor to WDE; (2) its posting of the BusyBox code on its website was done pursuant to an Order from the Federal Communications Commission ("FCC") and (3) its use of BusyBox on its website is a fair use.[20]  I address each argument in turn.

---

[17]  17 U.S.C. § 107.

[18]  *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 566 (1985).

[19]  *NXIVM Corp. v. Ross Inst.*, 364 F.3d 471, 477 (2d Cir. 2004).

[20]  *See* WD Mem. at 3.

6

A.    **Because There Is a Substantial Continuity of Identity Between WD and WDE, WD Is Within the Scope, and in Contempt of, the Injunction**

This Court previously held that WD is not a successor in interest to WDE under Rule 26(c).[21]  However, the question now before the Court is whether WD falls within the scope of the injunction under Rule 65(d) based on a "substantial continuity of identity" between WD and WDE.[22]

The hallmarks of a "substantial continuity of identity" clearly exist.[23] Plaintiffs claim, and WD does not dispute, that WD acquired all the assets necessary to carry on WDE's business and continues to use the same trade name

———————————

[21]    *See Software Freedom II*, 2011 WL 1465837, at *1.

[22]    As plaintiffs have pointed out, WD has applied the wrong "substantial continuity" test in arguing that it is not a successor of WDE. *See* Plaintiffs' Reply Memorandum of Law in Support of Their Motion to Find Westinghouse Digital, LLC in Contempt ("Pl. Reply Mem.") at 1-2 n.1.  As noted earlier, the appropriate test in determining whether a non-party can be held in contempt is the "substantial continuity" test under Rule 65(d), not the federal common law test for successor liability.

[23]    *See, e.g, Stotter Division of Graduate Plastics Co., Inc. v. District 65, United Auto Workers, AFL-CIO*, 991 F.2d 997, 1001 (2d Cir. 1993) ("In the instant case, such continuity clearly exists – the same plant is being operated, the Stooter name is being used, the same products are being made with the same equipment and methods of production, all the Stotter employees were retained by GPC, and employee benefits are calculated based on service time with both Stotter and GPC.").

7

and web address.[24]  Nor does WD dispute that it occupies the same location as

WDE and operates with many of the same employees, including the same

President and Counsel.  In fact, WD admits that "WD employs many of [WDE's]

former officers and employees."[25]  Finally, WD does not dispute that it had actual

notice of the injunction against WDE and has continued to post BusyBox software

on its website.[26]

Instead, WD contends that it does not fall within the scope of the

injunction under the theory that it is a "substantial continuation" of WDE because

(1) it was not formed as a means to evade this Court's injunction and (2) it

acquired WDE's assets *before* the issuance of the injunction against WDE.[27]  As to

WD's first argument, a court need not find that an organization was formed as a

means to circumvent an injunction in order to hold a non-party in contempt.[28]  This

---

[24]     *See* Pl. Reply Mem. at 3.

[25]     WD Mem. at 9.

[26]     *See id.* at 3.  *See also* Pl. Mem. at 3.

[27]     *See* WD Mem. at 9.

[28]     *See, e.g, Walling v. Reuter, Inc.*, 321 U.S. 671, 674 (1944) ("Not only
is such an injunction enforceable by contempt proceedings against the corporation,
its agents and officers and those individuals associated with it in the conduct of its
business, but it may also, in appropriate circumstances, be enforced against those
to whom the business may have been transferred, whether as a means of evading
the judgement *or for other reasons*.") (emphasis added).

type of scienter is only necessary under the "aiding and abetting" theory of non-party liability.[29]

WD next argues that it purchased WDE's assets before the injunction was issued and before plaintiffs even moved for an injunction, barring any potential for a finding of contempt.[30]  Plaintiffs respond that, although the injunction had not yet been issued when WD purchased WDE's assets, the copyright infringement suit, seeking injunctive relief, was already a pending matter.[31]

---

[29]    See Additive Controls, 154 F.3d at 1353 ("[Defendant's] contention is more properly directed at the scienter requirement for acting in active concert and participation."). Accord National Spiritual Assembly of Baha'is of the U.S. Under Hereditary Guardianship, Inc. v. National Spiritual Assembly of the Baha'is of the U.S., Inc., 628 F.3d 837, 849 (7th Cir. 2010) (explaining the two categories of non-parties potentially bound by an injunction).

Plaintiffs allude to the "aiding and abetting" theory in their brief. See Pl. Mem. at 3-4 ("To be sure . . . [WD] and [WDE] acted in concert to bring about a result forbidden by the injunction, namely the continued distribution of infringing versions of Plaintiffs' copyrighted BusyBox software."). To the extent that plaintiffs argue WD is aiding and abetting WDE, plaintiffs' argument must fail because WDE entered bankruptcy proceedings in 2010. See Additive Controls, 154 F.3d at 1354 ("[Defendant] contends that the district court found him in contempt based on his actions 'in active concert or participation' with AdCon, although AdCon has been dormant for years. If that were the basis for the contempt finding, we would agree; one cannot act in concert with an inactive corporation.").

[30]    See WD Mem. at 9.

[31]    See Pl. Mem. at 5 ("[WDE] acquired as part of their transaction the very software that violates the injunction, knowing full well that there was an

9

In *Golden State Bottling v. NLRB*, the Supreme Court held that a purchaser who acquires assets can be held liable under Rule 65(d) if the assets were purchased with knowledge of the order.[32]  And as noted by the Federal Circuit in *Kloster Speedsteel AB v. Crucible Inc.*, courts have "repeatedly found privity where, *after a suit begins*, a nonparty acquires assets of a defendant-infringer."[33]  Like the non-party purchaser in *Kloster Speedsteel*, WD purchased WDE's assets with knowledge of the pending litigation.  This knowledge, coupled with the significant operational overlap between WD and WDE, leads me to conclude that a "substantial continuity of identity" exists between WDE and WD for the purposes of Rule 65(d).  As a successor in interest, WD is therefore bound by the injunction against WDE.

---

outstanding software copyright claim against the products containing that software.").

[32]    *See* 414 U.S. 168, 180 (1973) ("We hold that a bonafide purchaser, acquiring, with knowledge that the wrong remains unremedied . . . may be considered in privity with the predecessor for purposes of Rule 65(d).") (citations omitted).

[33]    793 F.2d 1565, 1583 (Fed. Cir. 1986) (overruled on other grounds) (emphasis added).  In *Kloster Speedsteel*, the district court found in favor of plaintiff for patent infringement and permanently enjoined the defendant and its "successor in interest" from infringing plaintiff's patents.  The Federal Circuit then found that, under Rule 65(d), the injunction also applied to Kloster, a non-party purchaser of the infringing assets, even though at the time of the purchase, the judgement had not been rendered.

### B.   WD's Affirmative Defenses

Perhaps in anticipation of this Court's finding that it is WDE's successor for the purposes of Rule 65(d), WD argues that use of the BusyBox software "cannot be considered an act of copyright infringement."[34]

#### 1.   The 2008 FCC Order

WD asserts that plaintiffs' contempt motion is based solely on WD's maintenance of WDE's old website, which allegedly contains the copyrighted BusyBox code.[35] WD then argues that posting the firmware on its website cannot amount to copyright infringement because WD was ordered to do so by the FCC.[36] WD relies on two cases in support of this affirmative defense. WD first cites to *SmithKline Beecham Consumer Healthcare, L.P. v. Watson Pharmaceuticals, Inc.*, where the Second Circuit found no copyright liability when the Food and Drug Administration ("FDA") directed the defendants, pursuant to the Federal Food, Drug, and Cosmetics Act ("FFDCA"), to use labeling nearly identical to the plaintiff's copyrighted guide and tape.[37] The *SmithKline Beecham* court found

---

[34]   WD Mem. at 7.

[35]   *See id.* at 2.

[36]   *See id.* at 4.

[37]   *See* 211 F.3d 21 (2d Cir. 2000).

11

significant that "the Amendments [to the FFDCA] require that the labeling for the [defendant's] generic drug be the 'same' as the labeling for the [plaintiff's] pioneer drug."[38]

In April 2008, the FCC issued a Consent Decree relating to an investigation of WDE's interstate shipment of television receivers that did not comply with FCC V-Chip technology requirements.[39]  Pursuant to the Consent Decree, the FCC terminated the investigation and, in return, WDE agreed to adhere to several requirements, including "assist[ing] customers . . . in downloading appropriate firmware from its website . . . [and making] the firmware available on its website for a period of five years."[40]  WD argues that its use of BusyBox software cannot be a copyright violation because, similar to the FDA's order in *SmithKline Beecham*, the FCC Order directed WD to post the BusyBox firmware on its website.[41]  Unlike the FDA requirements in *SmithKline Beecham*, however, the FCC Order does not require WD to use *the BusyBox software*.

---

[38]    *Id.* at 27.

[39]    *See* FCC Consent Decree, In the Matter of Westinghouse Digital Electronics, LLC ("FCC Consent Decree"), Ex. A to Declaration of Kenneth Randall in Support of Respondent Westinghouse Digital, LLC's Opposition to Plaintiffs' Motion to Find Westinghouse Digital, LLC in Contempt.

[40]    *Id.* ¶ 8.

[41]    *See* WD Mem. at 4.

12

Rather, the FCC Order only requires that WD make "appropriate firmware" available. WD has not carried its burden of showing that it is incapable of obeying both the FCC Order and respecting plaintiffs' copyright. Therefore, WD's argument must fail.[42]

### 2.    Fair Use Doctrine

WD also argues that the fair use doctrine shields it from liability for copyright infringement.[43] WD points to *Gulfstream Aerospace Corp. v. Camp Systems International, Inc.*, where a federal court allowed defendant's copying of Gulfstream's airplane repair manuals pursuant to the fair use doctrine.[44] Examining the fourth, and most important, fair use factor, the *Gulfstream* court found that defendant's use of the manual did not adversely affect the market for the manuals.[45] The court emphasized that granting copyright protection to the Gulfstream manuals – let alone to their secondary use – would not further the aims

----

[42]    WD also argues that posting the BusyBox firmware on its website cannot amount to copyright infringement because the injunction applies only to activity done "without permission" and WD is acting with the FCC's permission. *See id.* at 7. This argument is unavailing. The "permission" in the injunction clearly refers to the plaintiffs' permission.

[43]    *See id.* at 5.

[44]    *See* 428 F. Supp. 2d 1369 (S.D. Ga. 2006).

[45]    *See id.* at 1379-80.

13

of copyright laws[46] because "not only is the *content* of the manuals specified by

regulation, but also the *format* of the manuals is specified so that an aircraft

manufacturer may not add unnecessary sections to give the manuals a 'creative' or

'original' touch."[47]

This case is easily distinguishable from *Gulfstream*. Unlike the

manuals at issue in that case, the BusyBox software was not "written in

accordance with federal guidelines that significantly prescribe[d] [its] content and

format" – a fact that led the *Gulfstream* court to conclude that "much, if not all, of

Gulfstream's manuals are not copyrightable."[48]  WD does not even attempt to

argue that the BusyBox software *itself* is not subject to copyright protection.  What

is more, even assuming the truth of WD's assertion that "the firmware posted on

[its] website cannot be read by humans and has no use or value except when

installed on the specific Mora television model for which it was written," that fact

_____

[46]   *See id.* at 1380 (noting that the purpose of copyright law is to promote
the progress of science and useful arts).

[47]   *Id.* at 1376 (emphasis in original). *Accord id.* at 1380-81 ("It would
be especially egregious [to protect Gulfstream's manual] since Gulfstream is
required by federal regulations to produce the manuals anyway.  Again, those
federal regulations leave Gulfstream little room to make decisions regarding either
format or the content of those manuals.").

[48]   *Id.* at 1376. *Accord id.* at 1380-81 ("[G]ranting copyright protection
under these facts would not serve the purposes of copyright law . . . .").

14

does not establish that "there cannot be any effect on the market for BusyBox."[49] Under such logic, any use of copywritten work would be "fair" as long as that use did not result in the copywritten work's unauthorized reproduction by anyone other than the putative infringer.  Because WD has not met its burden of demonstrating that its use of the BusyBox software would not affect the value of plaintiffs' copyright, WD's fair use defense fails.

### C.    Remedies

Plaintiffs request that this Court award (1) coercive and compensatory damages, (2) attorneys' fees and costs, and (3) an order for WD to deliver all infringing articles to plaintiffs for disposition.[50]

#### 1.    Damages

"The imposition of civil contempt sanctions may serve dual purposes: to secure future compliance with court orders and to compensate the party that has been wronged."[51]  To the extent the sanction is coercive, "[t]he district court is counseled to consider several factors in calculating a fine including the character

---

[49]    WD Mem. at 6 (reasoning that "those who want to use it must acquire it from BusyBox.net or some other source").

[50]    *See* Pl. Mem. at 4.

[51]    *Paramedics Ectromedicina Comerical, Ltda v. GE Medical Sys.*, 369 F.3d 645, 657 (2d Cir. 2004).

15

and magnitude of the harm threatened by continued contumacy, the probable effectiveness of any suggested sanction in bringing about compliance and the contemnor's ability to pay."[52] If the fine is compensatory and paid directly to the other party, the court has less discretion and "'the sanction should correspond at least to some degree with the amount of damages.'"[53]

Unlike in *Software Freedom I*, plaintiffs here do not elect statutory damages and have made no recommendations to this Court as to the appropriate amount of coercive and compensatory damages. Without further information, I am unable to determine the proper amount of damages. The parties are therefore ordered to submit information regarding WD's ability to pay and plaintiffs' lost profits due to WD's unauthorized use of BusyBox[54] within fifteen (15) days of the date of this Order. I reserve decision on the amount of coercive and compensatory damages until these submissions are received.

### 2.    Attorneys' Fees and Costs

"It is well settled in this Circuit that costs, including reasonable

---

[52]    *Id.* at 657-58 (quotations and citations omitted).

[53]    *Id.* at 658 (quoting *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995)).

[54]    Plaintiffs allege that BusyBox is an open source computer program without a profit-making mission. *See* Compl. ¶¶ 21-23.

16

attorneys' fees, may be awarded to the party who prosecutes a contempt motion as an appropriate compensatory sanction for contumacious behavior."[55]  As in *Software Freedom I*, I find that an award of attorneys' fees is both appropriate and "'in line with the statutory goal of deterrence.'"[56]  Plaintiffs are directed to submit a fee application within fifteen (15) days of the date of this Order detailing their costs and expenses in connection with this litigation.

### 3.    Forfeiture of Infringing Articles

WD is also ordered to deliver all infringing articles to plaintiffs for disposition under the same rationale as that provided in *Software Freedom I*.[57]

## V.    CONCLUSION

For the aforementioned reasons stated above, plaintiffs' motion to hold WD in contempt of this Court's earlier injunction against WDE pursuant to Rule 65(d) is granted.  Counsel is ordered to submit information regarding WD's ability to pay and plaintiffs' lost profits within fifteen (15) days of the issuance of this Opinion and Order.  Plaintiffs are directed to submit a fee application by the

---

[55]    *New York State Nat'l Org. for Women v. Terry*, 952 F. Supp. 1033, 1043 (S.D.N.Y. 1997) (citations omitted).

[56]    *Software Freedom I*, 2010 WL 2985320, at *4 (quoting *Kepner-Tregoe, Inc. v. Vroom*, 186 F.3d 283, 289 (2d Cir. 1999)).

[57]    *See id.* (ordering WDE to turn over all infringing articles to plaintiffs pursuant to 17 U.S.C. § 503(b)).

17

same date.  The Clerk of the Court is directed to close this motion (docket # 172).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            August 8, 2011

- Appearances -

**For Plaintiffs:**

Daniel B. Ravicher, Esq.
Aaron Williamson, Esq.
Michael A. Spiegel, Esq.
Software Freedom Law Center
1995 Broadway, 17th Floor
New York, New York 10023-5882
(212) 580-0880

**For Respondent Westinghouse Digital, LLC:**

Barry M. Kazan, Esq.
Thompson Hine LLP
335 Madison Avenue, 12th Floor
New York, New York 10017
(212) 344-5680

**For Westinghouse Digital Electronics, LLC:**

Kyle Bradford Fleming, Esq.
Baker & Daniels
111 East Wayne Street, Suite 800
Fort Wayne, Indiana 46802
(216) 816-7374

Sarah Hawa Bawany Yousuf, Esq.
Balber, Pickard, Battistoni, Maldonado & Van Der Tuin
1370 Avenue of the Americas
New York, New York
(212) 246-2400

**For Phoebe Micro, Inc.:**

Andrew Kaver, Esq.
The Law Office of Andrew M. Kaver

32 Broadway, Suite 1710
New York, New York 10004
(212) 897-5803

Brian Scott Cohen, Esq.
Cohen Law Group, P.C.
1220 Broadway, Suite 708
New York, New York 10001
(212) 967-2879

**For Zyxel Communications Inc.:**

David Leichtman, Esq.
Robins, Kaplan, Miller & Ciresi LLP
601 Lexington Avenue, Suite 3400
New York, New York 10022
(212) 980-7400

Emily Bab Kirsch, Esq.
Reed Smith
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

Shiou-Jin Christine Hwang Yang, Esq.
Law Offices of S.J. Christine Yang
17220 Newhope Street, Suite 101-102
Fountain Valley, California 92708
(714) 641-4022

**For Western Digital Corporation:**

Ognjan Varbanov Shentov, Esq.
Jones Day (Cleveland)
901 Lakeside Avenue
Cleveland, Ohio 44114
(212) 326-3650

20

Lynn Michelle Marvin, Esq.
Stela Christina Tipi, Esq.
Jones Day (NYC)
222 East 41st Street
New York, New York
(212) 326-3939

APPEAL, CASREF, ECF, REOPEN

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:09-cv-10155-SAS

| | |
|---|---|
| Software Freedom Conservancy, Inc. v. Best Buy Co., Inc. et al | Date Filed: 12/14/2009 |
| Assigned to: Judge Shira A. Scheindlin | Jury Demand: Defendant |
| Referred to: Magistrate Judge Gabriel W. Gorenstein (Settlement) | Nature of Suit: 820 Copyright |
| Cause: 17:501 Copyright Infringement | Jurisdiction: Federal Question |

## Plaintiff

**Software Freedom Conservancy, Inc.**        represented by **Aaron Kyle Williamson**
Software Freedom Law Center, Inc
1995 Broadway, 17th Fl.
New York, NY 10023
212 580 0800
Fax: (212)-580-0898
Email: aaronw@softwarefreedom.org
*TERMINATED: 08/26/2011*
*LEAD ATTORNEY*

**Daniel Ben Ravicher**
Benjamin N. Cardozo School of Law
1995 Broadway
17th Floor
New York, NY 10023
212 580 0800
Fax: 212 580 0898
Email: ravicher@yu.edu
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Andrew Spiegel**
Software Freedom Law Center [
1995 Broadway
New York, NY 10023
212 580 0800
Fax: (212)-580-0898
Email: mspiegel@softwarefreedom.org
*TERMINATED: 09/09/2011*
*LEAD ATTORNEY*

**Mishi Choudhary**
Software Freedom Law Center, Inc
1995 Broadway, 17th Fl.
New York, NY 10023

212 580 0800
Fax: (212)-580-0898
Email: mishi@softwarefreedom.org
*TERMINATED: 08/26/2011*
*LEAD ATTORNEY*

**Plaintiff**

**Erik Andersen**                    represented by  **Daniel Ben Ravicher**
Benjamin N. Cardozo School of Law
55 Fifth Avenue
New York, NY 10003
(212) 790-0442
Fax: (212) 591-6038
Email: ravicher@yu.edu
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Best Buy Co., Inc.**               represented by  **David Leichtman**
*TERMINATED: 06/14/2011*                             Robins, Kaplan, Miller & Ciresi, LLP
(NYC)
601 Lexington Avenue, Suite 3400
New York, NY 10022
(212) 980-7400
Fax: (212) 980-7499
Email: dleichtman@rkmc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Emmett J. McMahon**
Robins Kaplan Miller & Ciresi(MN)
800 La Salle Avenue, Ste. 2500
Minneapolis, MN 55402
(612) 349-8500
Fax: (612)-339-4181
Email: ejmcmahon@rkmc.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Hillel Ira Parness**
Robins, Kaplan, Miller & Ciresi, LLP
601 Lexington Avenue, Suite 3400
New York, NY 10022
(212) 980-7400
Fax: (212) 980-7499
Email: hiparness@rkmc.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Kevin P. Simmons**
Simmons, Jannace, LLP
115 Eileen Way
Suite 103
Syosset, NY 11791-5314
516 357-8100
Fax: 516 357-8111
Email: ksimmons@sjslaw.com
*TERMINATED: 08/26/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Oren Dov Langer**
Robins, Kaplan, Miller & Ciresi, LLP
(NYC)
601 Lexington Avenue, Suite 3400
New York, NY 10022
(212) 935-4725
Fax: (212)-309-6001
Email: odlanger@rkmc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher K Larus**
Robins, Kaplan, Miller & Ciresi L.L.P.
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
(612)-349-8500
Fax: (612)-339-4181
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jason Wesley Creech**
Simmons, Jannace, LLP
115 Eileen Way
Suite 103
Syosset, NY 11791-5314
(516) 357-8100
Fax: (516) 357-8111
Email: jcreech@sjslaw.com
*TERMINATED: 08/26/2010*

**Nicole E. Kopinski**
Robins, Kaplan, Miller & Ciresi L.L.P.
(MN)
2800 LaSalle Plaza, 800 LaSalle
Avenue
Minneapolis, MN 55402

(612) 349-8500
Fax: (612) 339-4181
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sharon E. Roberg-Perez**
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 Lasalle Plaza, 800 Lasalle Avenue

Minneapolis, MN 55402
(612)-349-8500
Fax: (612)-339-4181
Email: seroberg-perez@rkmc.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Samsung Electronics America, Inc.**
*TERMINATED: 05/11/2010*

represented by **Michael Maras Ratoza**
Bullivant Houser Bailey PC
888 S.W. Fifth Ave., Ste. 300
Portland, OR 97204
503 228 6351
Fax: 503 295 0915
Email: michael.ratoza@bullivant.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Westinghouse Digital Electronics,
LLC**

represented by **Kyle Bradford Fleming**
Renner, Otto, Boisselle, & Sklar, LLP
1621 Euclid Avenue, 19th Floor
Cleveland, OH 44115
216-736-3114
Fax: 216-621-6165
Email: kfleming@rennerotto.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Hawa Bawany Yousuf**
Balber, Pickard, Battistoni, Maldonado,
& Van Der Tuin
1370 Avenue of the Americas
New York, NY 10019
(212)-246-2400
Fax: (212)-765-4212
Email: syousuf@kanekessler.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**JVC Americas Corporation**
*TERMINATED: 12/13/2010*

represented by **David Lawrence Yohai**
Weil, Gotshal & Manges LLP (NYC)

Case 11-3639, Document 19, 11/02/2011, 435997, Page37 of 78

767 Fifth Avenue, 25th Fl.
New York, NY 10153
(212)3108000
Fax: (212) 310-8007
Email: david.yohai@weil.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Efrem Yolkut**
Weil, Gotshal & Manges LLP (NYC)
767 Fifth Avenue, 25th Fl.
New York, NY 10153
(212)-310-8405
Fax: (212)-310-8007
Email: david.yolkut@weil.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Western Digital Technologies, Inc.**            represented by **Lynn Michelle Marvin**
*TERMINATED: 05/12/2011*                                          Jones Day (NYC)
                                                                 222 East 41st Street
                                                                 New York, NY 10017
                                                                 (212)-326-3978
                                                                 Fax: (212)-755-7306
                                                                 Email: lmarvin@JonesDay.com
                                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Robert Bosch LLC**                              represented by **Judith Shulman Roth**
*TERMINATED: 09/13/2010*                                          Schiff Hardin LLP
                                                                 666 Fifth Ave., 17th Floor
                                                                 New York, NY 10103
                                                                 (212)-753-5000
                                                                 Fax: (212)-753-5044
                                                                 Email: jroth@schiffhardin.com

**Defendant**

**Phoebe Micro, Inc.**                            represented by **Andrew Kaver**
                                                                 (212)-897-5803
                                                                 Fax: (212)-897-5833
                                                                 Email: andy@kaverlaw.com
                                                                 *LEAD ATTORNEY*

                                                                 **Brian Scott Cohen**
                                                                 Cohen Law Group, P.C.
                                                                 1220 Broadway, Suite 708
                                                                 New York, NY 10001
                                                                 (212)-967-2879
                                                                 Fax: (646)-349-2567
                                                                 Email: brian@cohenlg.com

*ATTORNEY TO BE NOTICED*

**Defendant**

**Humax USA Inc.**                    represented by    **Airina Lynn Rodrigues**
*TERMINATED: 06/23/2010*                               DLA Piper
                                                        1251 Avenue of The Americas
                                                        New York, NY 10020
                                                        (212)-335-4673
                                                        Fax: (917)-778-8673
                                                        Email: airina.rodrigues@dlapiper.com
                                                        *LEAD ATTORNEY*

                                                        **Andrew Paul Valentine**
                                                        DLA Piper LLP
                                                        2000 University Avenue
                                                        East Palo Alto, CA 94303
                                                        (650)-833-2065
                                                        Fax: (650)-833-2001
                                                        Email: andrew.valentine@dlapiper.com

                                                        *LEAD ATTORNEY*
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Eugene M. Pak**
                                                        DLA Piper US LLP (San Francisco)
                                                        153 Townsend Street
                                                        Suite 800
                                                        San Francisco, CA 94107
                                                        (415836-2500
                                                        Fax: (415)836-2501
                                                        Email: eugene.pak@dlapiper.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Andrew Lawrence Deutsch**
                                                        DLA Piper US LLP (NY)
                                                        1251 Avenue of the Americas
                                                        New York, NY 10020
                                                        (212) 335-4500
                                                        Fax: (212) 335-4501
                                                        Email: andrew.deutsch@dlapiper.com
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Comtred Corporation**               represented by    **Emily Bab Kirsch**
*TERMINATED: 04/06/2010*                               Reed Smith (NYC)
                                                        599 Lexington Avenue
                                                        New York, NY 10022
                                                        (212)-521-5400

Fax: (212)-521-5450
Email: ekirsch@reedsmith.com
*LEAD ATTORNEY*

**Defendant**

**Dobbs-Stanford Corporation**     represented by  **Justin F. Heinrich**
*TERMINATED: 05/12/2010*                           Proskauer Rose LLP (NY)
                                                   11 Times Square
                                                   New York, NY 10036
                                                   (212)-969-3277
                                                   Fax: (212)-969-2900
                                                   Email: jheinrich@proskauer.com
                                                   *TERMINATED: 08/18/2010*
                                                   *LEAD ATTORNEY*

                                                   **Michael T. Mervis**
                                                   Proskauer Rose LLP (NY)
                                                   11 Times Square
                                                   New York, NY 10036
                                                   (212) 969-3565
                                                   Fax: (212)-969-2900
                                                   Email: mmervis@proskauer.com
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**Versa Technology Inc.**          represented by  **Mark W. Yocca**
*TERMINATED: 01/18/2011*                           The Yocca Law Firm LLP
                                                   19900 MacArthur Blvd., Suite 650
                                                   Irvine, CA 92612
                                                   (949) 253-0800
                                                   *LEAD ATTORNEY*
                                                   *PRO HAC VICE*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Paul Kim**
                                                   The Yocca Law Firm LLP
                                                   19900 MacAruthur Blvd
                                                   Suite 650
                                                   Irnvine, CA 92612
                                                   (949)-253-0800
                                                   *LEAD ATTORNEY*
                                                   *PRO HAC VICE*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Philippe Alain Zimmerman**
                                                   Moses & Singer LLP
                                                   405 Lexington Avenue
                                                   New York, NY 10174-1299
                                                   (212)554-7400 x7895

                                             Fax: (212)554-7700
                                             Email: pzimmerman@mosessinger.com

                                             *TERMINATED: 01/18/2011*

**Defendant**

**ZYXEL Communications Inc.**         represented by **David Leichtman**
                                             (See above for address)
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

                                             **Emily Bab Kirsch**
                                             (See above for address)
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

                                             **Shiou- Jin Christine Hwang Yang**
                                             Law Offices of S.J. Christine Yang
                                             17220 Newhope Street, Suite 101-102
                                             Fountain Valley, CA 92708
                                             (714)-641-4022
                                             Fax: (714)-641-2082
                                             *PRO HAC VICE*
                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Astak Inc.**                        represented by **Emily Bab Kirsch**
*TERMINATED: 09/08/2010*                     (See above for address)
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**GCI Technologies Corporation**
*TERMINATED: 03/09/2010*

**Defendant**

**Western Digital Corporation**       represented by **Ognjan Varbanov Shentov**
                                             Jones Day (Cleveland )
                                             901 Lakeside Avenue
                                             Cleveland, OH 44114
                                             (212)-326-3650
                                             Fax: (212)-755-7306
                                             Email: ovshentov@jonesday.com
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

                                             **Lynn Michelle Marvin**
                                             (See above for address)
                                             *ATTORNEY TO BE NOTICED*

**Stela Cristina Tipi**
Jones Day (NYC)
222 East 41st Street
New York, NY 10017
212 326 3939 326-8311
Fax: (212)-755-7306
Email: schincisan@jonesday.com
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Westinghouse Digital, LLC**

**Counter Defendant**

**Erik Andersen**                          represented by  **Daniel Ben Ravicher**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Objector**

**Credit Managers Association of
California**

**Counter Claimant**

**Best Buy Co., Inc.**                      represented by  **David Leichtman**
*TERMINATED: 06/14/2011*                                   (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Emmett J. McMahon**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *PRO HAC VICE*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Hillel Ira Parness**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Kevin P. Simmons**
                                                           (See above for address)
                                                           *TERMINATED: 08/26/2010*
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Oren Dov Langer**
                                                           (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher K Larus**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jason Wesley Creech**
(See above for address)
*TERMINATED: 08/26/2010*
*ATTORNEY TO BE NOTICED*

**Sharon E. Roberg-Perez**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Software Freedom Conservancy, Inc.**            represented by **Daniel Ben Ravicher**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/14/2009 | 1 | COMPLAINT against Western Digital Technologies, Inc., Robert Bosch LLC, Phoebe Micro, Inc., Humax USA Inc., Comtred Corporation, Dobbs-Stanford Corporation, Versa Technology Inc., ZYXEL Communications Inc., Astak Inc., GCI Technologies Corporation, Best Buy Co., Inc., Samsung Electronics America, Inc., Westinghouse Digital Electronics, LLC, JVC Americas Corporation. (Filing Fee $ 350.00, Receipt Number 708298) Document filed by Software Freedom Conservancy, Inc..(rdz) (ama). (Entered: 12/14/2009) |
| 12/14/2009 | | SUMMONS ISSUED as to Western Digital Technologies, Inc., Robert Bosch LLC, Phoebe Micro, Inc., Humax USA Inc., Comtred Corporation, Dobbs-Stanford Corporation, Versa Technology Inc., ZYXEL Communications Inc., Astak Inc., GCI Technologies Corporation, Best Buy Co., Inc., Samsung Electronics America, Inc., Westinghouse Digital Electronics, LLC, JVC Americas Corporation. (rdz) (Entered: 12/14/2009) |
| 12/14/2009 | | Magistrate Judge Gabriel W. Gorenstein is so designated. (rdz) (Entered: 12/14/2009) |
| 12/14/2009 | | Case Designated ECF. (rdz) (Entered: 12/14/2009) |
| 12/14/2009 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Software Freedom Conservancy, Inc..(rdz) (ama). |

| | | (Entered: 12/14/2009) |
|---|---|---|
| 12/23/2009 | 3 | STIPULATION EXTENDING TIME, JVC Americas Corporation answer to complaint due 3/8/2010. (Signed by Judge Shira A. Scheindlin on 12/23/09) (cd) (Entered: 12/28/2009) |
| 01/05/2010 | 4 | CERTIFICATE OF SERVICE. Astak Inc. served on 12/17/2009, answer due 1/7/2010. Service was accepted by Elliott Ning. Document filed by Software Freedom Conservancy, Inc.. (Williamson, Aaron) (Entered: 01/05/2010) |
| 01/05/2010 | 5 | CERTIFICATE OF SERVICE. Best Buy Co., Inc. served on 12/16/2009, answer due 1/6/2010. Service was accepted by Tom Harris, Counsel. Document filed by Software Freedom Conservancy, Inc.. (Spiegel, Michael) (Entered: 01/05/2010) |
| 01/05/2010 | 6 | CERTIFICATE OF SERVICE. Dobbs-Stanford Corporation served on 12/17/2009, answer due 1/7/2010. Service was accepted by J. Fred Dobbs, CEO. Document filed by Software Freedom Conservancy, Inc.. (Spiegel, Michael) (Entered: 01/05/2010) |
| 01/05/2010 | 7 | CERTIFICATE OF SERVICE. GCI Technologies Corporation served on 12/17/2009, answer due 1/7/2010. Service was accepted by Maria Comerci, Office Manager. Document filed by Software Freedom Conservancy, Inc.. (Spiegel, Michael) (Entered: 01/05/2010) |
| 01/05/2010 | 8 | CERTIFICATE OF SERVICE. Humax USA Inc. served on 12/17/2009, answer due 1/7/2010. Service was accepted by Sally Weo, Managing Agent. Document filed by Humax USA Inc.. (Spiegel, Michael) (Entered: 01/05/2010) |
| 01/05/2010 | 9 | CERTIFICATE OF SERVICE. JVC Americas Corporation served on 12/17/2009, answer due 3/8/2010. Service was accepted by Teresa Charrkas, Legal Assistant. Document filed by Software Freedom Conservancy, Inc.. (Spiegel, Michael) (Entered: 01/05/2010) |
| 01/05/2010 | 10 | CERTIFICATE OF SERVICE. Phoebe Micro, Inc. served on 12/17/2009, answer due 1/7/2010. Service was accepted by Flora Zheng, Operations Manager. Document filed by Software Freedom Conservancy, Inc.. (Spiegel, Michael) (Entered: 01/05/2010) |
| 01/05/2010 | 11 | CERTIFICATE OF SERVICE. Robert Bosch LLC served on 12/17/2009, answer due 1/7/2010. Service was accepted by Cecille Martin, Assistant General Counsel. Document filed by Software Freedom Conservancy, Inc.. (Spiegel, Michael) (Entered: 01/05/2010) |
| 01/05/2010 | 12 | CERTIFICATE OF SERVICE. Samsung Electronics America, Inc. served on 12/17/2009, answer due 1/7/2010. Service was accepted by Juli Askew, Paralegal. Document filed by Software Freedom Conservancy, Inc.. (Spiegel, Michael) (Entered: 01/05/2010) |
| 01/05/2010 | 13 | CERTIFICATE OF SERVICE. Versa Technology Inc. served on 12/17/2009, answer due 1/7/2010. Service was accepted by Erica Yang, Office Manager. Document filed by Software Freedom Conservancy, Inc.. (Spiegel, Michael) (Entered: 01/05/2010) |

Case 11-3639, Document 19, 11/02/2011, 435997, Page44 of 78

| 01/05/2010 | 14 | CERTIFICATE OF SERVICE. ZYXEL Communications Inc. served on 12/23/2009, answer due 1/13/2010. Service was accepted by Hortensia Tafoalla, Managing Agent. Document filed by Software Freedom Conservancy, Inc.. (Spiegel, Michael) (Entered: 01/05/2010) |
|---|---|---|
| 01/06/2010 | 15 | NOTICE OF APPEARANCE by Emily Bab Kirsch on behalf of Comtred Corporation (Kirsch, Emily) (Entered: 01/06/2010) |
| 01/07/2010 | 16 | NOTICE OF APPEARANCE by Emily Bab Kirsch on behalf of ZYXEL Communications Inc. (Kirsch, Emily) (Entered: 01/07/2010) |
| 01/07/2010 | 17 | NOTICE OF APPEARANCE by Michael T. Mervis on behalf of Dobbs-Stanford Corporation (Mervis, Michael) (Entered: 01/07/2010) |
| 01/07/2010 | 18 | NOTICE OF APPEARANCE by Justin F. Heinrich on behalf of Dobbs-Stanford Corporation (Heinrich, Justin) (Entered: 01/07/2010) |
| 01/07/2010 | 19 | STIPULATION AND ORDER EXTENDING TIME OF DEFENDANT GCI TECHNOLOGIES CORPORATION TO RESPOND TO THE COMPLAINT, GCI Technologies Corporation answer due 3/8/2010. No further extensions for this, or any defendant in this action, will be granted. (Signed by Judge Shira A. Scheindlin on 1/6/10) (cd) (Entered: 01/07/2010) |
| 01/08/2010 | 20 | FILING ERROR - ELECTRONIC FILING FOR NON-ECF DOCUMENT - MOTION for Extension of Time to File Answer. Document filed by Best Buy Co., Inc. (Attachments: # 1 Stipulation)(Simmons, Kevin) Modified on 1/11/2010 (db). (Entered: 01/08/2010) |
| 01/08/2010 | 21 | STIPULATION EXTENDING TIME: 1. The time for Comtrend to answer, move against, or otherwise respond to the Complaint is hereby extend to and including March 8, 2010. 2. Comtrend waives any Objection with respect to the service of process of the Complaint but otherwise reserves all of its defenses and objections. Comtred Corporation answer due 3/8/2010. (Signed by Judge Shira A. Scheindlin on 1/8/10) (db). (Entered: 01/08/2010) |
| 01/08/2010 | 22 | STIPULATION EXTENDING TIME: 1. The time for ZYXEL Communications Inc. to answer, move against, or otherwise respond to the Complaint is hereby extend to and including March 8, 2010. 2. ZYXEL waives any Objection with respect to the service of process of the Complaint but otherwise reserves all of its defenses and objections. ZYXEL Communications Inc. Answer due 3/8/2010. (Signed by Judge Shira A. Scheindlin on 1/7/10) (db) Modified on 1/8/2010 (db). (Entered: 01/08/2010) |
| 01/08/2010 | 23 | STIPULATION EXTENDING TIME: 1. The time for Dobbs-Stanford Corporation to answer, move against, or otherwise respond to the Complaint is hereby extend to and including March 8, 2010. 2. Dobbs-Stanford Corporation waives any Objection with respect to the service of process of the Complaint but otherwise reserves all of its defenses and objections. Dobbs-Stanford Corporation answer due 3/8/2010. (Signed by Judge Shira A. Scheindlin on 1/7/10) (db) (Entered: 01/08/2010) |
| 01/08/2010 | 24 | STIPULATION EXTENDING TIME FOR DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.: 1. The time for Samsung to answer, |

| | | |
|---|---|---|
| | | move against, or otherwise respond to theComplaint is hereby extended to and including March 8, 2010. 2. Samsung waives any objection with respect to the service of process of the Complaint, but otherwise reserves all of its defenses and objections. Samsung Electronics America, Inc. answer due 3/8/2010. (Signed by Judge Shira A. Scheindlin on 1/7/10) (db) (Entered: 01/08/2010) |
| 01/08/2010 | | ***NOTE TO ATTORNEY THAT THE ATTEMPTED FILING OF Document No. 20 HAS BEEN REJECTED. Note to Attorney Kevin P. Simmons : THE CLERK'S OFFICE DOES NOT ACCEPT LETTERS FOR FILING, either through ECF or otherwise, except where the judge has ordered that a particular letter be docketed. Letters may be sent directly to a judge. (db) (Entered: 01/11/2010) |
| 01/11/2010 | 25 | CERTIFICATE OF SERVICE. Western Digital Technologies, Inc. served on 1/6/2010, answer due 1/27/2010. Service was accepted by Becky DeGeorge, Managing Agent. Document filed by Software Freedom Conservancy, Inc.. (Spiegel, Michael) (Entered: 01/11/2010) |
| 01/11/2010 | 26 | CERTIFICATE OF SERVICE. Westinghouse Digital Electronics, LLC served on 1/6/2010, answer due 1/27/2010. Service was accepted by Ninh Ho, Client Rep. Document filed by Software Freedom Conservancy, Inc.. (Spiegel, Michael) (Entered: 01/11/2010) |
| 01/11/2010 | 27 | CERTIFICATE OF SERVICE. Comtred Corporation served on 12/17/2009, answer due 3/8/2010. Service was accepted by John Castreje, General Manager. Document filed by Software Freedom Conservancy, Inc.. (Spiegel, Michael) (Entered: 01/11/2010) |
| 01/11/2010 | 28 | STIPULATION EXTENDING TIME FOR DEFENDANT HUMAX USA INC. TO RESPOND TO COMPLAINT: Therefore, IT IS HEREBY STIPULATED, CONSENTED, AND AGREED by and between the undersigned parties, through their counsel, as follows:1. The time to Humax to file an Answer, to move against, or otherwise to respond to the Complaint is hereby extended to and including March 8, 2010. So Ordered (Signed by Judge Shira A. Scheindlin on 1/11/2010) (js) (Entered: 01/11/2010) |
| 01/15/2010 | 29 | STIPULATION that the time for Best Buy Co., Inc. to answer or move with regard to plaintiffs' complaint is hereby extended to and including 3/8/10. (Signed by Judge Shira A. Scheindlin on 1/15/10) (dle) (Entered: 01/15/2010) |
| 01/22/2010 | 30 | STIPULATION: It is hereby stipulated and agreed that the time for Robert Bosch LLC to answer, move or otherwise respond to the complaint is extended to March 8, 2010. (Signed by Judge Shira A. Scheindlin on 1/22/2010) (jpo) (Entered: 01/25/2010) |
| 01/26/2010 | 31 | NOTICE OF APPEARANCE by Ognjan Varbanov Shentov on behalf of Western Digital Corporation (Shentov, Ognjan) (Entered: 01/26/2010) |
| 01/27/2010 | 32 | NOTICE OF APPEARANCE by Kyle Bradford Fleming on behalf of Westinghouse Digital Electronics, LLC (Fleming, Kyle) (Entered: 01/27/2010) |
| | | |

| 01/28/2010 | 33 | STIPULATION EXTENDING TIME, Westinghouse Digital Electronics, LLC answer to complaint due 3/8/2010. This extension does not alter any other date fixed by the Court, including the date of the initial conference. (Signed by Judge Shira A. Scheindlin on 1/28/10) (cd) (Entered: 01/29/2010) |
|---|---|---|
| 01/28/2010 | 34 | STIPULATION AND ORDER EXTENDING TIME FOR DEFENDANT WESTERN DIGITAL TECHNOLOGIES INC TO RESPOND TO THE COMPLAINT, Western Digital Technologies, Inc. Answer due 3/8/2010...This extension does not alter any other date fixed by the Court, including the initial conference date. (Signed by Judge Shira A. Scheindlin on 1/28/10) (cd) (Entered: 01/29/2010) |
| 02/01/2010 | 35 | ORDER FOR INITIAL PRETRIAL CONFERENCE: Initial Conference set for 2/22/2010 at 04:30 PM in Courtroom 15C, 500 Pearl Street, New York, NY 10007 before Judge Shira A. Scheindlin. (Signed by Judge Shira A. Scheindlin on 1/29/10) (djc) (Entered: 02/01/2010) |
| 02/02/2010 | 36 | NOTICE OF APPEARANCE by Emily Bab Kirsch on behalf of Astak Inc. (Kirsch, Emily) (Entered: 02/02/2010) |
| 02/02/2010 | 37 | NOTICE OF APPEARANCE by Lynn Michelle Marvin on behalf of Western Digital Corporation (Marvin, Lynn) (Entered: 02/02/2010) |
| 02/03/2010 | 38 | NOTICE OF APPEARANCE by David Lawrence Yohai on behalf of JVC Americas Corporation (Yohai, David) (Entered: 02/03/2010) |
| 02/05/2010 | 39 | NOTICE OF APPEARANCE by Airina Lynn Rodrigues on behalf of Humax USA Inc. (Rodrigues, Airina) (Entered: 02/05/2010) |
| 02/05/2010 | 40 | NOTICE OF APPEARANCE by Andrew Lawrence Deutsch on behalf of Humax USA Inc. (Deutsch, Andrew) (Entered: 02/05/2010) |
| 02/09/2010 | 41 | NOTICE OF APPEARANCE by Andrew Kaver on behalf of Phoebe Micro, Inc. (Kaver, Andrew) (Entered: 02/09/2010) |
| 02/11/2010 | 42 | ORDER GRANTING PRO HAC VICE ADMISSION: Attorney Andrew Valentine for Humax USA Inc. admitted Pro Hac Vice. (Signed by Judge Shira A. Scheindlin on 2/11/2010) (tve) Modified on 2/11/2010 (tve). (Entered: 02/11/2010) |
| 02/11/2010 | 43 | ORDER GRANTING PRO HAC VICE ADMISSION: Attorney Eugene M. Pak for Humax USA Inc. admitted Pro Hac Vice. (Signed by Judge Shira A. Scheindlin on 2/11/2010) (tve) (Entered: 02/11/2010) |
| 02/16/2010 | 44 | NOTICE OF APPEARANCE by David Efrem Yolkut on behalf of JVC Americas Corporation (Yolkut, David) (Entered: 02/16/2010) |
| 02/16/2010 | 45 | ORDER ADMITTING COUNSEL PRO HAC VICE: Attorney Michael M. Ratoza and Chad Colton for Samsung Electronics America, Inc. admitted Pro Hac Vice. (Signed by Judge Shira A. Scheindlin on 2/16/2010) (tve) (Entered: 02/16/2010) |
| 02/16/2010 | 46 | ORDER ADMITTING ATTORNEY PRO HAC VICE. Attorney Michael M. Ratoza and Chad Colton for Samsung Electronics America, Inc. admitted Pro |

| | | |
|---|---|---|
| | | Hac Vice. (Signed by Judge Shira A. Scheindlin on 2/16/2010) (jmi) (Entered: 02/17/2010) |
| 02/17/2010 | 47 | ENDORSED LETTER addressed to Judge Shira A.Scheindlin from Eugene Pak dated 2/16/10 re: Request to appear by telephone at the 2/22/10 scheduling conference. ENDORSEMENT: Defendant's counsel's request to appear by telephone at the 2/22/10 conference is hereby granted. (Signed by Judge Shira A. Scheindlin on 2/16/10) (cd) (Entered: 02/17/2010) |
| 02/17/2010 | 48 | STIPULATION EXTENDING TIME, Astak Inc. answer to complaint due 3/8/2010. (Signed by Judge Shira A. Scheindlin on 2/3/10) (cd) (Entered: 02/17/2010) |
| 02/18/2010 | 49 | STIPULATION; Versa Technology's time to answer or otherwise respond to the Complaint is adjourned to March 7, 2010. So Ordered. (Signed by Judge Shira A. Scheindlin on 2/17/2010) (tve) (Entered: 02/18/2010) |
| 02/18/2010 | 50 | ENDORSED LETTER addressed to Judge Shira A. Scheindlin from Michael M. Ratoza dated 2/17/2010 re: Primary outside counsel for defendant Samsung Electronics America, Inc. writes requesting to appear by telephone at the 2/22/2010 scheduling conference. ENDORSEMENT: Defendant Samsung Electronics America, Inc.'s request to appear by telephone at the 2/22/2010 conference is hereby granted. (Signed by Judge Shira A. Scheindlin on 2/17/2010) (tve) (Entered: 02/18/2010) |
| 02/19/2010 | 51 | NOTICE OF APPEARANCE by Sarah Hawa Bawany Yousuf on behalf of Westinghouse Digital Electronics, LLC (Yousuf, Sarah) (Entered: 02/19/2010) |
| 02/19/2010 | | CASHIERS OFFICE REMARK on 42 Order Admitting Attorney Pro Hac Vice, 43 Order Admitting Attorney Pro Hac Vice in the amount of $50.00, paid on 02/16/2010, Receipt Number 894293. (jd) (Entered: 02/19/2010) |
| 02/22/2010 | 52 | STIPULATION EXTENDING TIME: The time for Phoebe to answer, move against, or otherwise respond to the Complaint is hereby extended to and including 3/15/2010. Phoebe waives any objection with respect to the service of process of the Complaint, but otherwise reserves all of its defenses and objections. Phoebe Micro, Inc. answer due 3/15/2010. (Signed by Judge Shira A. Scheindlin on 2/19/2010) (tro) (Entered: 02/22/2010) |
| 02/22/2010 | 53 | SCHEDULING ORDER: Depositions of fact witnesses to be completed by 12/17/2010. Initial disclosures by 3/8/2010. The parties will serve initial requests for production of documents by 3/22/2010. Initial expert reports due 2/11/2011. Rebuttal expert reports due 3/11/2011. Each expert's deposition will be completed by 4/15/2011. Fact discovery to be completed by 12/17/2010. Expert discovery to be completed by 4/15/2011. Final pre-trial conference: 1/6/2011 at 4:30. Counsel for the parties have conferred and their present best estimate of the length of trial is fifteen (15) days. Certain Defendants contemplate that they may request a jury trial. (Signed by Judge Shira A. Scheindlin on 2/22/2010) (jfe) (Entered: 02/23/2010) |
| 02/22/2010 | 54 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for |

| | | |
|---|---|---|
| | | Settlement. Referred to Magistrate Judge Gabriel W. Gorenstein. May would be best. (Signed by Judge Shira A. Scheindlin on 2/22/2010) (jfe) (Entered: 02/23/2010) |
| 02/24/2010 | | CASHIERS OFFICE REMARK on 46 Order Admitting Attorney Pro Hac Vice in the amount of $50.00, paid on 02/18/2010, Receipt Number 894443. (jd) (Entered: 02/24/2010) |
| 03/02/2010 | 55 | NOTICE OF APPEARANCE by Philippe Alain Zimmerman on behalf of Versa Technology Inc. (Zimmerman, Philippe) (Entered: 03/02/2010) |
| 03/03/2010 | 56 | NOTICE OF APPEARANCE by David Leichtman on behalf of Best Buy Co., Inc. (Leichtman, David) (Entered: 03/03/2010) |
| 03/03/2010 | 57 | NOTICE OF APPEARANCE by Hillel Ira Parness on behalf of Best Buy Co., Inc. (Parness, Hillel) (Entered: 03/03/2010) |
| 03/03/2010 | 58 | NOTICE OF APPEARANCE by Oren Dov Langer on behalf of Best Buy Co., Inc. (Langer, Oren) (Entered: 03/03/2010) |
| 03/04/2010 | 59 | NOTICE OF APPEARANCE by Jason Wesley Creech on behalf of Best Buy Co., Inc. (Attachments: # 1 Certificate of Service)(Creech, Jason) (Entered: 03/04/2010) |
| 03/05/2010 | 60 | STIPULATED ORDER FOR EXTENSION OF TIME FOR DEFENDANT SAMSUNG ELECTGRONICS AMERICA, INC. ("SAMSUNG") TO FILE ITS ANSWER, FOR PLAINTIFFS AND SAMSUNG TO SERVE THEIR INITIAL DISCLOSURES AND TO MAKE INITIAL DISCOVERY REQUESTS: Samsung shall file its answer in this cause to March 22, 2010 from the current due date of 3/8/10. Plaintiffs and defendant Samsung agree to extend the date for their exchange of initial disclosures to 3/22/10 from the current due date of 3/22/10 and further stipulate and agree to extend the date by two weeks to 4/5/10 for them to make initial discovery requests of one anther. (Signed by Judge Shira A. Scheindlin on 3/5/10) (dle) (Entered: 03/08/2010) |
| 03/08/2010 | 61 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Nexis, Inc. as Corporate Parent. Document filed by Westinghouse Digital Electronics, LLC.(Fleming, Kyle) (Entered: 03/08/2010) |
| 03/08/2010 | 62 | ANSWER to Complaint with JURY DEMAND. Document filed by Westinghouse Digital Electronics, LLC.(Fleming, Kyle) (Entered: 03/08/2010) |
| 03/08/2010 | 63 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Best Buy Co., Inc..(Leichtman, David) (Entered: 03/08/2010) |
| 03/08/2010 | 64 | ANSWER to Complaint with JURY DEMAND., COUNTERCLAIM against all plaintiffs. Document filed by Best Buy Co., Inc..(Leichtman, David) (Entered: 03/08/2010) |
| 03/08/2010 | 65 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Robert Bosch North America Corporation, Robert Bosch Industrieanlagen GmbH |

| | | and Robert Bosch GmbH as Corporate Parent. Document filed by Robert Bosch LLC.(Roth, Judith) (Entered: 03/08/2010) |
|---|---|---|
| 03/08/2010 | 66 | ANSWER to Complaint with JURY DEMAND. Document filed by Versa Technology Inc..(Zimmerman, Philippe) (Entered: 03/08/2010) |
| 03/08/2010 | 67 | ANSWER to Complaint. Document filed by Robert Bosch LLC.(Roth, Judith) (Entered: 03/08/2010) |
| 03/08/2010 | 68 | RULE 26 DISCLOSURE.Document filed by Robert Bosch LLC.(Roth, Judith) (Entered: 03/08/2010) |
| 03/08/2010 | 69 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Victor Company of Japan, Limited as Corporate Parent. Document filed by JVC Americas Corporation.(Yohai, David) (Entered: 03/08/2010) |
| 03/08/2010 | 70 | ANSWER to Complaint. Document filed by JVC Americas Corporation. (Yohai, David) (Entered: 03/08/2010) |
| 03/08/2010 | 71 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Versa Technology Inc..(Zimmerman, Philippe) (Entered: 03/08/2010) |
| 03/08/2010 | 72 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. no Corporate Parent. Document filed by Dobbs-Stanford Corporation.(Heinrich, Justin) (Entered: 03/08/2010) |
| 03/08/2010 | 73 | ANSWER to Complaint. Document filed by Dobbs-Stanford Corporation. (Heinrich, Justin) (Entered: 03/08/2010) |
| 03/08/2010 | 74 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Western Digital Corporation as Corporate Parent. Document filed by Western Digital Technologies, Inc..(Marvin, Lynn) (Entered: 03/08/2010) |
| 03/08/2010 | 75 | ANSWER to Complaint with JURY DEMAND. Document filed by Comtred Corporation. (Attachments: # 1 Certificate of Service)(Kirsch, Emily) (Entered: 03/08/2010) |
| 03/08/2010 | 76 | ANSWER to Complaint with JURY DEMAND. Document filed by Astak Inc.. (Attachments: # 1 Certificate of Service)(Kirsch, Emily) (Entered: 03/08/2010) |
| 03/08/2010 | 77 | ANSWER to Complaint with JURY DEMAND. Document filed by ZYXEL Communications Inc.. (Attachments: # 1 Certificate of Service)(Kirsch, Emily) (Entered: 03/08/2010) |
| 03/08/2010 | 78 | ANSWER to Complaint with JURY DEMAND. Document filed by Western Digital Technologies, Inc..(Marvin, Lynn) (Entered: 03/08/2010) |
| 03/08/2010 | 79 | ANSWER to Complaint with JURY DEMAND. Document filed by Humax USA Inc..(Pak, Eugene) (Entered: 03/08/2010) |
| 03/08/2010 | 80 | ANSWER to Counterclaim. Document filed by Humax USA Inc..(Pak, Eugene) (Entered: 03/08/2010) |
| | | |

| 03/09/2010 | 81 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Comtrend Corporation Taiwan as Corporate Parent. Document filed by Comtred Corporation.(Kirsch, Emily) (Entered: 03/09/2010) |
| 03/09/2010 | 82 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Astak Inc..(Kirsch, Emily) (Entered: 03/09/2010) |
| 03/09/2010 | 83 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying ZyXEL Communications Corporation as Corporate Parent. Document filed by ZYXEL Communications Inc..(Kirsch, Emily) (Entered: 03/09/2010) |
| 03/09/2010 | 84 | NOTICE OF VOLUNTARY DISMISSAL Pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the plaintiff(s) and or their counsel(s), hereby give notice that the above-captioned action is voluntarily dismissed without prejudice against the defendant(s) GCI Technologies Corporation. (Signed by Judge Shira A. Scheindlin on 3/9/2010) (jpo) (Entered: 03/09/2010) |
| 03/16/2010 | 85 | STIPULATION EXTENDING TIME CONSENTED AND AGREED by and between the undersigned parties, through their counsel, as follows: The time for Phoebe to answer, move against, or otherwise respond to the Complaint is hereby extended to and including April 15, 2010. The time for Phoebe to file initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedures is extended to April 29, 2010. The time for the parties to serve their initial request for production of documents is extended to May 21, 2010. All other dates in the Court;s Scheduling Order dated February 22, 2010 (Doc. No. 53), except as modified above, shall apply. Phoebe waives any objection with respect to the services of process of the Complaint, but otherwise reserves all of its defenses and objections. SO ORDERED Phoebe Micro, Inc. answer due 4/15/2010. (Signed by Judge Shira A. Scheindlin on 3/16/2010) (jmi) (Entered: 03/17/2010) |
| 03/18/2010 | 86 | STIPULATION ORDER FOR EXTENSION OF TIME FOR DEFENDANT BEST BUY CO. INC. AND PLAINTIFFS TO MAKE THEIR INITIAL DISCOVERY REQUESTS: The plaintiffs and Defendant Best Buy stipulate and agree to a reasonable two week extension of time, from March 22, 2010 to April 5, 2010, for the Plaintiffs and Defendant Best Buy to make their initial discovery requests of one other. So Ordered (Signed by Judge Shira A. Scheindlin on 3/17/2010) (js) (Entered: 03/18/2010) |
| 03/18/2010 | 87 | STIPULATED ORDER FOR AN EXTENSION OF TIME FOR PLAINTIFFS AND DEFENDANT WESTERN DIGITAL TECHNOLOGIES, INC. TO MAKE INITIAL DISCOVERY REQUESTS: Plaintiffs and Defendant WDT stipulate and agree to a reasonable three week extension of time for the Plaintiffs and Defendant WDT to make initial discovery requests of one another from the current due date of March 22, 2010 to April 12, 2010 No other extension of this date has been previously sought by WDT for these discovery requests. Plaintiffs have sought and were granted an extension of the time to serve initial discovery requests on Defendants Samsung Electronics America, Inc. and Phoebe Micro, Inc. So Ordered (Signed by Judge Shira A. Scheindlin on 3/17/2010) (js) Modified on 4/6/2010 (js). (Entered: 03/18/2010) |

| 03/19/2010 | 88 | STIPULATED ORDER EXTENDING TIME FOR PLAINTIFFS AND DEFENDANT HUMAX USA, INC. TO SERVE INITIAL DOCUMENT REQUESTS: It appearing that Plaintiffs and Defendant Humax USA, Inc. have been engaged in good faith settlement negotiations, and these parties have been unable to complete settlement due to the need for additional time to investigate certain complex issues regarding software code: and that Humax's parent company's location in Korea has added to a geographical and language challenge that has contributed to the need for additional time to complete the software code investigation for settlement, and the parties believe that their time, attention, and resources are best focused at this time on complete tasks needed for settlement, the Plaintiffs and Defendant Humax USA, Inc. stipulate and agree to a four-week extension of time to serve initial documents requests on one another from the current deadline of March 22, 2010 to and including April 12, 2010. Humax USA, Inc. has already answered the Complaint, and the parties have already exchanged initial disclosures. Other deadlines set forth in the Court's Scheduling Order shall remain unchanged. (Signed by Judge Shira A. Scheindlin on 3/19/2010) (jfe) (Entered: 03/19/2010) |
|---|---|---|
| 03/23/2010 | 89 | STIPULATED ORDER EXTENDING TIME FOR PLAINTIFFS AND DEFENDANT DOBBS-STANFORD CORPORATION TO SERVE INITIAL DOCUMENT REQUESTS: Plaintiffs and Defendant DSC stipulate and agree to a three week extension of time to serve initial documents requests on one another from the current deadline of March 22, 2010 to and including April 12, 2010. DSC has already answered the Complaint and the parties have already exchanged initial disclosures. Other deadlines set forth in the Court's Scheduling Order shall remain unchanged. ENDORSEMENT: No further extensions. So Ordered (Signed by Judge Shira A. Scheindlin on 3/22/2010) (js) Modified on 4/6/2010 (js). (Entered: 03/23/2010) |
| 03/23/2010 | 90 | STIPULATION AND ORDER EXTENDING TIME FOR PLAINTIFFS AND DEFENDANT JVC AMERICAS CORP. TO SERVE INITIAL DOCUMENT REQUESTS:It appearing that Plaintiffs and defendant JVC Americas Corporation ("JVC") have been engaged in good-faith settlement negotiations, and that these parties have been unable to complete settlement due to the need for additional time to investigate and resolve certain issues,and the parties believe that their time, attention and resources are best focused at this time on tasks related to settlement, the Plaintiffs and JVC stipulate and agree to a four-week extension of time to serve initial document requests on one another form the current deadline of March 22, 2010 to and including April 19, 2010. JVC has already answered Plaintiffs' Complaint, and the parties have already exchanged initial disclosures. Other deadlines in the Court's Scheduling Order (Docket No. 53) remain unchanged. So Ordered (Signed by Judge Shira A. Scheindlin on 3/22/2010) (js) Modified on 4/6/2010 (js). (Entered: 03/23/2010) |
| 03/23/2010 | 91 | STIPULATION EXTENDING TIME: It appearing that plaintiffs and Defendant Astak. Inc. ("Astak") have been engaged in good faith settlement negotiations, that the parties have been unable to complete their anticipated settlement due to the need for additional time to investigate certain issues, and that these parties believe that their time. attention and resources are best |

| | | |
|---|---|---|
| | | focused at this time on completing the tasks needed for settlement, the Plaintiffs and Defendant Astak stipulate and agree to a reasonable two week extension of time, from March 22, 2010 to April 5, 2010, for the Plaintiffs and Defendant Astak to make their initial discovery requests of one another. So Ordered (Signed by Judge Shira A. Scheindlin on 3/22/2010) (js) Modified on 4/6/2010 (js). (Entered: 03/23/2010) |
| 03/23/2010 | <u>92</u> | STIPULATION EXTENDING TIME: It appearing that Plaintiffs and Defendant Astak. Inc. ("Astak") have been engaged in good faith settlement negotiations, that the parties have been unable to complete their anticipated settlement due to the need for additional time to investigate certain issues, and that these parties believe that their time. attention and resources are best focused at this time on completing the tasks needed for settlement, the Plaintiffs and Defendant Astak stipulate and agree to are asonable two week extension of time, from March 22, 2010 to April 5, 2010, for the Plaintiffs and Defendant Astak to make their initial discovery requests of one another. So Ordered (Signed by Judge Shira A. Scheindlin on 3/22/2010) (js) (Entered: 03/23/2010) |
| 03/23/2010 | <u>93</u> | STIPULATION EXTENDING TIME: It appearing that Plaintiffs and Defendant Comtrend Corporation ("Comtrend") have been engaged in good faith settlement negotiations, that the parties have been unable to complete their anticipated settlement due to the need for additional time to investigate certain issues, and that these parties believe that their time, attention and resources are best focused at this time on completing the tasks needed for settlement, the Plaintiffs and Defendant Comtrend stipulate and agree to a reasonable two week extension of time, from March 22, 2010 to April 5, 2010, for the Plaintiffs and Defendant Comtrend to make their initial discovery requests of one another. So Ordered (Signed by Judge Shira A. Scheindlin on 3/22/2010) (js) (Entered: 03/23/2010) |
| 03/23/2010 | <u>94</u> | STIPULATION EXTENDING TIME: It appearing that Plaintiffs and,Defendant ZyXEL Communications Inc. Corporation(ZyXEL") have been engaged in good faith settlement negotiations, that the parties have been unable to complete their anticipated settlement due to the need for additional time to investigate certain issues, and that these parties believe that their time, attention and resources are best focused at this time on completing the tasks needed for settlement, the Plaintiffs and Defendant ZyXEL stipulate and agree to a reasonable two week extension of time, from March 22, 2010 to April 5, 2010, for the Plaintiffs and Defendant ZyXEL to make their initial discovery requests of one another. (Signed by Judge Shira A. Scheindlin on 3/22/2010) (js) (Entered: 03/23/2010) |
| 03/23/2010 | <u>95</u> | STIPULATED ORDER FOR FURTHER EXTENSION OF TIME FOR DEFENDANT SAMSUNG ELECTRONICS AMERICA,INC. (SAMSUNG) TO FILE ITS ANSWER, FOR PLAINTIFFS AND SAMSUNG TO SERVE THEIR INITIAL DISCLOSURES AND TO MAKE INITIAL DISCOVERY REQUESTS. The plaintiffs and Defendant Samsung stipulate and agree to a further reasonable two week extension of time for Samsung to file its answer in this cause to April 5, 2010 from the current date of March 2, 2010. In addition, the Plaintiffs and Defendant Samsung for the same reasons stipulate |

| | | |
|---|---|---|
| | | and agree to extend the date for their exchange of initial disclosures to April 5, 2010 from the current date of March 22, 2010, and further stipulate and agree to extend the date by two weeks to April 19, 2010 for them to make initial discovery requests of one another. (Signed by Judge Shira A. Scheindlin on 3/22/10) (djc) (Entered: 03/24/2010) |
| 03/23/2010 | | Set Deadlines/Hearings:Samsung Electronics America, Inc. answer due 4/5/2010. (djc) (Entered: 03/24/2010) |
| 03/24/2010 | 96 | STIPULATION. It appearing that Plaintiffs and Defendant Robert Bosch LLC have been engaged in good faith settlement negotiations, that the parties have been unable to complete their anticipated settlement due to the need for additional time to investigate certain issues, and that these parties believe that their time, attention and resources are best focused at this time on completing the tasks needed for settlement, the Plaintiffs and Defendant Robert Bosch LLC Best Buy stipulate and agree to a reasonable three-week extension of time, from March 22, 2010 to April 12, 2010, for the Plaintiffs and Defendant Robert Bosch LLC to make their initial discovery requests of one another. Neither Plaintiff nor Defendant Robert Bosch LLC has sought a previous extension of this deadline. Both have served their initial disclosures pursuant to Rule 26(A) and Defendant Robert Bosch LLC has served and filed its Answer, all in timely fashion. (Signed by Judge Shira A. Scheindlin on 3/23/10) (djc) Modified on 3/30/2010 (djc). (Entered: 03/24/2010) |
| 03/29/2010 | 97 | ANSWER to Counterclaim. Document filed by Erik Andersen, Software Freedom Conservancy, Inc..(Ravicher, Daniel) (Entered: 03/29/2010) |
| 03/30/2010 | 98 | ORDER ADMITTING ATTORNEY PRO HAC VICE. Attorney Paul Kim for Versa Technology Inc. admitted Pro Hac Vice. (Signed by Judge Shira A. Scheindlin on 3/30/2010) (jmi) (Entered: 03/30/2010) |
| 03/30/2010 | 99 | ORDER ADMITTING ATTORNEY PRO HAC VICE. Attorney Mark W. Yocca for Versa Technology Inc. admitted Pro Hac Vice. SO ORDERED (Signed by Judge Shira A. Scheindlin on 3/30/2010) (jmi) (Entered: 03/30/2010) |
| 04/02/2010 | 100 | NOTICE OF APPEARANCE by Stela Cristina Tipi on behalf of Western Digital Corporation (Tipi, Stela) (Entered: 04/02/2010) |
| 04/05/2010 | 101 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Samsung Electronics Co., Ltd. as Corporate Parent. Document filed by Samsung Electronics America, Inc..(Ratoza, Michael) (Entered: 04/05/2010) |
| 04/05/2010 | 102 | ANSWER to Complaint with JURY DEMAND. Document filed by Samsung Electronics America, Inc..(Ratoza, Michael) (Entered: 04/05/2010) |
| 04/06/2010 | 103 | STIPULATION OF DISMISSAL: Plaintiffs Software Freedom Conservancy, Inc. and Erik Andersen and Defendant Comtrend Corporation hereby stipulate to dismiss defendant Comtrend Corporation from this action WITHOUT PREJUDICE, and without costs to any party. Plaintiffs maintain this action against all other defendants. (Signed by Judge Shira A. Scheindlin on 4/6/2010) (tro) (Entered: 04/07/2010) |
| | | |

| 04/14/2010 | | CASHIERS OFFICE REMARK on 99 Order Admitting Attorney Pro Hac Vice, 98 Order Admitting Attorney Pro Hac Vice in the amount of $50.00, paid on 03/30/2010, Receipt Number 899213. (jd) (Entered: 04/14/2010) |
|---|---|---|
| 04/22/2010 | 104 | ORDER SCHEDULING SETTLEMENT CONFERENCE: Settlement Conference set for 5/11/2010 at 02:30 PM in Courtroom 17A, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Gabriel W. Gorenstein. (Signed by Magistrate Judge Gabriel W. Gorenstein on 4/22/2010) (tve) (Entered: 04/22/2010) |
| 04/28/2010 | 105 | ENDORSED LETTER: addressed to Magistrate Judge Gabriel W. Gorenstein from David L. Yohai dated 4/26/2010 re: The parties hereby request that the settlement conference in this action currently scheduled for 5/11/2010, be adjourned until June 29, 2010 at 2:30 p.m. which was a date and time provided by the Court's Deputy Clerk. ENDORSEMENT: Granted. Letters due June 24, 2010. So Ordered. ( Settlement Conference set for 6/29/2010 at 02:30 PM before Magistrate Judge Gabriel W. Gorenstein.) (Signed by Magistrate Judge Gabriel W. Gorenstein on 4/26/2010) (js) Modified on 5/6/2010 (js). (Entered: 04/28/2010) |
| 04/30/2010 | 106 | ORDER ADMITTING ATTORNEY PRO HAC VICE. Attorney Emmett J. McMahon for Best Buy Co., Inc. admitted Pro Hac Vice. (Signed by Judge Shira A. Scheindlin on 4/30/2010) (jpo) (Entered: 04/30/2010) |
| 04/30/2010 | 107 | ORDER FOR ADMISSION PRO HAC VICE: It is hereby ordered that Sharon E. Roberg-Perez is admitted to practice pro hac vice as counsel for Best Buy Co., in this action. (Signed by Judge Shira A. Scheindlin on 4/30/2010) (jpo) (Entered: 04/30/2010) |
| 05/04/2010 | 108 | ENDORSED LETTER addressed to Judge Shira A.Scheindlin from Daniel Ravicher dated 5/3/10 re: Request for a premotion conference to discuss summary judgment motion. ENDORSEMENT: Plaintiffs' request for a premotion conference is hereby granted. A conference is scheduled for 5/20/10. ( Pre-Motion Conference set for 5/20/2010 at 11:00 AM before Judge Shira A. Scheindlin.) (Signed by Judge Shira A. Scheindlin on 5/4/10) (cd) (Entered: 05/05/2010) |
| 05/11/2010 | 109 | STIPULATION OF DISMISSAL of action as against Samsung Electronics America, WITHOUT PREJUDICE, and without costs to any party. Plaintiffs maintain this action against all other defendants. (Signed by Judge Shira A. Scheindlin on 5/10/10) (djc) (Entered: 05/11/2010) |
| 05/12/2010 | 110 | STIPULATION OF DISMISSAL: Plaintiffs Software Freedom Conservancy, Inc. and Erik Andersen and Defendant Samsung Electronics America, Inc., ("Samsung") hereby stipulate to dismiss defendant Samsung from this action WITHOUT PREJUDICE, and without costs to any party. Plaintiffs maintain this action against all other defendants. (Signed by Judge Shira A. Scheindlin on 5/12/2010) (jfe) (Entered: 05/12/2010) |
| 05/12/2010 | 111 | ORDER OF DISMISSAL Plaintiffs Software Freedom Conservancy, Inc. and Erik Andersen and Defendant Dobbs-Stanford Corporation ("OSC") hereby stipulate to dismiss defendant DSC from this action WITHOUT PREJUDICE and without costs to any party. Plaintiffs maintain this action against all other |

| | | |
|---|---|---|
| | | defendants. SO ORDERED. (Signed by Judge Shira A. Scheindlin on 5/12/2010) (jmi) (Entered: 05/13/2010) |
| 06/03/2010 | 112 | MOTION for Default Judgment as to *Westinghouse Digital Electronics, LLC.*, MOTION for Summary Judgment *against Westinghouse Digital Electronics, LLC.*( Responses due by 6/17/2010) Document filed by Software Freedom Conservancy, Inc., Erik Andersen.(Ravicher, Daniel) (Entered: 06/03/2010) |
| 06/03/2010 | 113 | MEMORANDUM OF LAW in Support re: 112 MOTION for Default Judgment as to *Westinghouse Digital Electronics, LLC.* MOTION for Summary Judgment *against Westinghouse Digital Electronics, LLC.*. Document filed by Software Freedom Conservancy, Inc., Erik Andersen. (Ravicher, Daniel) (Entered: 06/03/2010) |
| 06/03/2010 | 114 | RULE 56.1 STATEMENT. Document filed by Software Freedom Conservancy, Inc., Erik Andersen. (Ravicher, Daniel) (Entered: 06/03/2010) |
| 06/03/2010 | 115 | DECLARATION of Erik Andersen in Support re: 112 MOTION for Default Judgment as to *Westinghouse Digital Electronics, LLC.* MOTION for Summary Judgment *against Westinghouse Digital Electronics, LLC.*. Document filed by Software Freedom Conservancy, Inc., Erik Andersen. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Ravicher, Daniel) (Entered: 06/03/2010) |
| 06/03/2010 | 116 | DECLARATION of Bradley M. Kuhn in Support re: 112 MOTION for Default Judgment as to *Westinghouse Digital Electronics, LLC.* MOTION for Summary Judgment *against Westinghouse Digital Electronics, LLC.*. Document filed by Software Freedom Conservancy, Inc., Erik Andersen. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Ravicher, Daniel) (Entered: 06/03/2010) |
| 06/03/2010 | 117 | DECLARATION of Daniel B. Ravicher in Support re: 112 MOTION for Default Judgment as to *Westinghouse Digital Electronics, LLC.* MOTION for Summary Judgment *against Westinghouse Digital Electronics, LLC.*. Document filed by Software Freedom Conservancy, Inc., Erik Andersen. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4) (Ravicher, Daniel) (Entered: 06/03/2010) |
| 06/08/2010 | 118 | TRANSCRIPT of proceedings held on 5/20/2010 before Judge Shira A. Scheindlin. (ab) (Entered: 06/09/2010) |
| 06/14/2010 | 122 | MOTION for Shiou-Jin Christine Hwang Yang to Appear Pro Hac Vice. Document filed by ZYXEL Communications Inc.(mro) (Entered: 06/21/2010) |
| 06/18/2010 | 119 | NOTICE OF APPEARANCE by Sharon E. Roberg-Perez on behalf of Best Buy Co., Inc. (Roberg-Perez, Sharon) (Entered: 06/18/2010) |
| 06/18/2010 | 120 | NOTICE OF APPEARANCE by Emmett J. McMahon on behalf of Best Buy Co., Inc. (McMahon, Emmett) (Entered: 06/18/2010) |
| 06/18/2010 | 121 | ENDORSED LETTER addressed to Judge Shira A. Scheindlin from Kyle B. Fleming dated 6/16/2010 re: Counsel for Westinghouse seek permission from the Court to file a motion to withdraw, as Westinghouse has been liquidated |

| | | |
|---|---|---|
| | | under California law, and its trustee has terminated their representation. ENDORSEMENT: Counsel for Westinghouse's request to file a motion to withdraw is hereby granted. SO ORDERED. (Signed by Judge Shira A. Scheindlin on 6/17/2010) (tve) (Entered: 06/18/2010) |
| 06/23/2010 | 123 | STIPULATION OF VOLUNTARY DISMISSAL It is hereby stipulated and agreed by and between the parties and/or their respective counsel(s) that the above-captioned action is voluntarily dismissed, without prejudice against the defendant(s) Humax USA Inc. and without costs to either party pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Document filed by Software Freedom Conservancy, Inc., Erik Andersen.(Williamson, Aaron) (Entered: 06/23/2010) |
| 06/24/2010 | | CASHIERS OFFICE REMARK on 122 Motion to Appear Pro Hac Vice in the amount of $25.00, paid on 06/14/2010, Receipt Number 906190. (jd) (Entered: 06/24/2010) |
| 06/24/2010 | 124 | MOTION to Withdraw 122 MOTION for Shiou-Jin Christine Hwang Yang to Appear Pro Hac Vice.. Document filed by ZYXEL Communications Inc.. (Kirsch, Emily) (Entered: 06/24/2010) |
| 06/24/2010 | 125 | ORDER FOR ADMISSION PRO HAC VICE ON WRITTEN REQUEST granting 122 Motion for Shiou-Jin Christine Hwang Yang to Appear Pro Hac Vice. (Signed by Judge Shira A. Scheindlin on 6/24/2010) (jpo) (Entered: 06/24/2010) |
| 06/24/2010 | 126 | STIPULATION OF DISMISSAL: Plaintiffs Software Freedom Conservancy, Inc. and Erik Anderson and Defendant Humax, USA, Inc., hereby stipulate to dismiss defendant Humax from this action without prejudice and without costs to any party. Plaintiffs maintain this action against all other defendants. (Signed by Judge Shira A. Scheindlin on 6/24/2010) (jpo) (Entered: 06/24/2010) |
| 06/29/2010 | 127 | MOTION for Kyle Bradford Fleming; Sarah Bawany Yousuf to Withdraw as Attorney. Document filed by Westinghouse Digital Electronics, LLC. (Fleming, Kyle) (Entered: 06/29/2010) |
| 06/29/2010 | 128 | MEMORANDUM OF LAW in Support re: 127 MOTION for Kyle Bradford Fleming; Sarah Bawany Yousuf to Withdraw as Attorney.. Document filed by Westinghouse Digital Electronics, LLC. (Fleming, Kyle) (Entered: 06/29/2010) |
| 06/29/2010 | 129 | DECLARATION of Jay R. Campbell in Support re: 127 MOTION for Kyle Bradford Fleming; Sarah Bawany Yousuf to Withdraw as Attorney.. Document filed by Westinghouse Digital Electronics, LLC. (Attachments: # 1 Exhibit A to Declaration, # 2 Exhibit to Declaration, # 3 Exhibit C to Declaration)(Fleming, Kyle) (Entered: 06/29/2010) |
| 06/29/2010 | | Minute Entry for proceedings held before Magistrate Judge Gabriel W. Gorenstein: Settlement Conference held on 6/29/2010. (mbe) (Entered: 07/01/2010) |
| 07/02/2010 | 130 | MEMORANDUM OF LAW in Opposition re: 127 MOTION for Kyle |

| | | |
|---|---|---|
| | | Bradford Fleming; Sarah Bawany Yousuf to Withdraw as Attorney.. Document filed by Software Freedom Conservancy, Inc., Erik Andersen. (Ravicher, Daniel) (Entered: 07/02/2010) |
| 07/27/2010 | 131 | OPINION AND ORDER granting # 99231 re: 112 MOTION for Default Judgment as to *Westinghouse Digital Electronics, LLC*. MOTION for Summary Judgment *against Westinghouse Digital Electronics, LLC*, filed by Erik Andersen, Software Freedom Conservancy, Inc., 127 MOTION for Kyle Bradford Fleming; Sarah Bawany Yousuf to Withdraw as Attorney, filed by Westinghouse Digital Electronics, LLC. Plaintiffs' motion for a default judgment against Westinghouse is granted. Accordingly, the Court need not address Plaintiffs' motion for summary judgment. Plaintiffs are directed to submit a fee application by 8/6/10. The Clerk of Court is directed to close the motion to withdraw Renner, Otto, Boisselle & Sklar and Kane Kessler as counsel for Westinghouse (Docket no. 127). (Signed by Judge Shira A. Scheindlin on 7/27/10) (cd) Modified on 7/29/2010 (ajc). (Entered: 07/27/2010) |
| 08/02/2010 | 132 | ORDER: On July 27, 2010, attorneys for Plaintiffs wrote a letter to the Court requesting $47,010 in attorneys' fees and $675 in other costs*. Because I find that these fees and costs are reasonable in light of the attorneys' technical expertise in the field, Westinghouse is ordered to pay Plaintiffs a total of $47,685. * - (Plaintiffs calculated their costs and attorneys' fees as follows. Lead counsel Daniel Ravicher worked 54.2 hours in connection with Plaintiffs' motion for a default judgment at a rate of $550 per hour. Associate counsels Aaron Williamson and Michael Spiegel worked one hour and forty-two hours, respectively, at a rate of four hundred dollars per hour. All three attorneys have legal and technical expertise in the area of software-related copyright law. The additional $675 was for experts' fees.) (Signed by Judge Shira A. Scheindlin on 8/2/10) (db) (Entered: 08/02/2010) |
| 08/09/2010 | 133 | MOTION for Joinder. Document filed by Erik Andersen, Software Freedom Conservancy, Inc..(Ravicher, Daniel) (Entered: 08/09/2010) |
| 08/09/2010 | 134 | MEMORANDUM OF LAW in Support re: 133 MOTION for Joinder.. Document filed by Erik Andersen, Software Freedom Conservancy, Inc.. (Ravicher, Daniel) (Entered: 08/09/2010) |
| 08/09/2010 | 135 | DECLARATION of Daniel B. Ravicher in Support re: 133 MOTION for Joinder.. Document filed by Erik Andersen, Software Freedom Conservancy, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Ravicher, Daniel) (Entered: 08/09/2010) |
| 08/13/2010 | 136 | STIPULATION AND PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION regarding procedures to be followed that shall govern the handling of confidential material. (Signed by Judge Shira A. Scheindlin on 8/13/10) (rjm) (Entered: 08/16/2010) |
| 08/16/2010 | 137 | ENDORSED LETTER addressed to Judge Shira Scheindlin from Daniel B. Ravicher dated 8/16/2010 re: At your request, Plaintiffs have communicated with counsel for both parties and arrived at the following briefing schedule for the motion: (i) opposition briefs by CMA and Successor WD due by |

| | | |
|---|---|---|
| | | September 20; and, (ii) reply brief by plaintiffs due by October 4. ENDORSEMENT: Opposition brief to Plaintiffs joinder motion are due by September 20, 2010. Plaintiffs reply brief is due by October 4, 2010. Defendant CMAs proposal to attach various conditions to the briefing schedule is hereby denied by the Court in its entirety. SO ORDERED. ( Responses due by 9/20/2010, Replies due by 10/4/2010.) (Signed by Judge Shira A. Scheindlin on 8/16/2010) (jmi) (Entered: 08/17/2010) |
| 08/17/2010 | 138 | CERTIFICATE OF SERVICE of Motion to Join Successors in Interest served on Westinghouse Digital, LLC on 8/10/2010. Service was accepted by Glenda Hallett, Managing Agent (Paracorp, Inc.). Document filed by Erik Andersen, Software Freedom Conservancy, Inc.. (Spiegel, Michael) (Entered: 08/17/2010) |
| 08/17/2010 | 139 | CERTIFICATE OF SERVICE of Motion to Join Successors in Interest of Westinghouse Digital Electronics, LLC served on Credit Managers Ass'n of California on 8/10/2010. Service was accepted by Michael Jonich, Office Manager. Document filed by Erik Andersen, Software Freedom Conservancy, Inc.. (Spiegel, Michael) (Entered: 08/17/2010) |
| 08/17/2010 | 140 | CERTIFICATE OF SERVICE of Motion to Join Successors in Interest of Westinghouse Digital Electronics, LLC served on Westinghouse Digital, LLC on 8/10/2010. Service was accepted by Arthur Moore, Managing Agent. Document filed by Erik Andersen, Software Freedom Conservancy, Inc.. (Spiegel, Michael) (Entered: 08/17/2010) |
| 08/18/2010 | 141 | MEMO ENDORSEMENT on NOTICE OF WITHDRAWAL AND REQUEST FOR REMOVAL FROM DOCKET that Justin F. Heinrich no longer represents Dobbs-Stanford Corporation, a former defendant in the captioned matter, and hereby withdraws his Notice of Appearance and requests removal of his name from the docket. ENDORSEMENT: SO ORDERED. (Signed by Judge Shira A. Scheindlin on 9/3/10) (cd) (Entered: 08/18/2010) |
| 08/26/2010 | 142 | STIPULATION TO WITHDRAW AS COUNSEL AND AGREED, between Simmons Jannace and Robins Kaplan, as attorneys for Best Buy, that Simmons Jannace is hereby relieved as counsel of record for Best Buy and that the appearances of Kevin P. Simmons and Jason W. Creech of Simmons Jannace as counsel of record for Best Buy are hereby withdrawn; and IT IS FURTHER STIPULATED AND AGREED, that this Stipulation may be executed in counterparts, any of which may be transmitted by facsimile and each of which when so executed and delivered shall be deemed an original, with all which shall together constitute one and the same agreement. (Signed by Judge Shira A. Scheindlin on 8/26/2010) (jmi) (Entered: 08/27/2010) |
| 09/07/2010 | 143 | ORDER ADMITTING ATTORNEY PRO HAC VICE. Attorney Nicole E. Kopinski for Best Buy Co., Inc. admitted Pro Hac Vice. (Signed by Judge Shira A. Scheindlin on 9/7/2010) (jmi) (Entered: 09/08/2010) |
| 09/08/2010 | 144 | NOTICE OF VOLUNTARY DISMISSAL Pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the plaintiff(s) and or their counsel(s), hereby give notice that the above-captioned action is voluntarily dismissed |

| | | |
|---|---|---|
| | | against the defendant(s) Astak Inc without prejudice and without costs to any party. (Signed by Judge Shira A. Scheindlin on 9/8/2010) (jpo) Modified on 9/22/2010 (jpo). (Entered: 09/09/2010) |
| 09/13/2010 | 145 | STIPULATION OF DISMISSAL Plaintiffs Software Freedom Conservancy, Inc. and Erik Andersen and Defendant Robert Bosch LLC ("Bosch") hereby stipulate to dismiss defendant Bosch from this action WITHOUT PREJUDICE, and without costs or fees to any party. Plaintiffs maintain this action against all other defendants. (Signed by Judge Shira A. Scheindlin on 9/13/2010) (jmi) (Entered: 09/14/2010) |
| 09/16/2010 | | CASHIERS OFFICE REMARK on 143 Order Admitting Attorney Pro Hac Vice in the amount of $25.00, paid on 09/08/2010, Receipt Number 913815. (jd) (Entered: 09/16/2010) |
| 09/20/2010 | 146 | MEMORANDUM OF LAW in Opposition re: 133 MOTION for Joinder.. Document filed by Credit Managers Association of California. (Weigel, Robert) (Entered: 09/20/2010) |
| 09/20/2010 | 147 | DECLARATION of Michael Joncich in Opposition re: 133 MOTION for Joinder.. Document filed by Credit Managers Association of California. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Weigel, Robert) (Entered: 09/20/2010) |
| 09/20/2010 | 148 | DECLARATION of Samuel A. Newman in Opposition re: 133 MOTION for Joinder.. Document filed by Credit Managers Association of California. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Weigel, Robert) (Entered: 09/20/2010) |
| 09/20/2010 | 149 | MEMORANDUM OF LAW in Opposition re: 133 MOTION for Joinder.. Document filed by Westinghouse Digital, LLC. (Attachments: # 1 Exhibit A - Declaration of Arthur Moore, # 2 Exhibit B-1 - Verified Complaint, # 3 Exhibit B-2 - Verified Complaint, with exhibits [excerpted], # 4 Exhibit C-1 - Asset Purchase Agreement [excerpted], # 5 Exhibit C-2 - Asset Purchase Agreement [excerpted], # 6 Exhibit D - Press Release of Software Freedom Conservancy, # 7 Exhibit E - California Secretary of State record for Mora Electronics, LLC, # 8 Exhibit F - Bulletin No.1 from Credit Managment Association)(Kazan, Barry) (Entered: 09/20/2010) |
| 09/24/2010 | 150 | ORDER FOR ADMISSION PRO HAC VICE: Attorney Christopher K Larus for Best Buy Co., Inc.,Christopher K Larus for Best Buy Co., Inc. admitted Pro Hac Vice. (Signed by Judge Shira A. Scheindlin on 9/24/2010) (jfe) (Entered: 09/24/2010) |
| 09/24/2010 | 151 | CERTIFICATE OF SERVICE of Memorandum of Law in Opposition to Plaintiffs' Motion to Join Successors in Interest of Defendant Westinghouse Digital Electronics, LLC, Declaration of Michael Joncich with Exhibits, and Declaration of Samuel A. Newman with Exhibits. served on All Parties of Record on 09/20/2010. Service was made by ECF Notification. Document filed by Credit Managers Association of California. (Weigel, Robert) (Entered: 09/24/2010) |
| | | |

| 10/01/2010 | 152 | NOTICE OF CHANGE OF ADDRESS by David Leichtman on behalf of Best Buy Co., Inc.. New Address: Robins, Kaplan, Miller & Ciresi L.L.P., 601 Lexington Avenue, Suite 3400, New York, New York, 10022, 212-980-7400. (Leichtman, David) (Entered: 10/01/2010) |
|---|---|---|
| 10/01/2010 | 153 | DECLARATION of Michael Joncich in Opposition re: 133 MOTION for Joinder.. Document filed by Credit Managers Association of California. (Weigel, Robert) (Entered: 10/01/2010) |
| 10/01/2010 | 154 | NOTICE OF CHANGE OF ADDRESS by Oren Dov Langer on behalf of Best Buy Co., Inc.. New Address: Robins, Kaplan, Miller & Ciresi L.L.P., 601 Lexington Avenue, Suite 3400, New York, New York, USA 10022, 212-980-7400. (Langer, Oren) (Entered: 10/01/2010) |
| 10/04/2010 | 155 | REPLY MEMORANDUM OF LAW in Support re: 133 MOTION for Joinder.. Document filed by Erik Andersen, Software Freedom Conservancy, Inc.. (Ravicher, Daniel) (Entered: 10/04/2010) |
| 10/04/2010 | 156 | DECLARATION of Bradley M. Kuhn in Support re: 133 MOTION for Joinder.. Document filed by Erik Andersen, Software Freedom Conservancy, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Ravicher, Daniel) (Entered: 10/04/2010) |
| 10/05/2010 | 157 | CERTIFICATE OF SERVICE of Supplemental Declaration of Michael Joncich served on All Parties of Record on 10/01/2010. Service was made by ECF Notification. Document filed by Credit Managers Association of California. (Weigel, Robert) (Entered: 10/05/2010) |
| 10/14/2010 | | CASHIERS OFFICE REMARK on 150 Order Admitting Attorney Pro Hac Vice in the amount of $25.00, paid on 09/27/2010, Receipt Number 916265. (jd) (Entered: 10/14/2010) |
| 11/17/2010 | 158 | REVISED SCHEDULING ORDER: Initial expert reports due April 11, 2011. Rebuttal expert reports due May 11, 2011. Each expert's deposition will completed by June 15, 2011. Fact discovery is to be completed by February 18, 2011. Expert discovery is to be completed June 15, 2011. ENDORSEMENT: No further extensions will granted. (Signed by Judge Shira A. Scheindlin on 11/16/2010) (jpo) (Entered: 11/17/2010) |
| 11/29/2010 | 159 | OPINION AND ORDER: #99698 For the foregoing reasons, Plaintiffs' motion to join respondents is denied as to CMA. Plaintiffs' motion to join WD is denied, without prejudice, subject to Plaintiffs' decision to refile following an evidentiary hearing on the issues of whether the asset sale amounted to a merger between WDE and WD and whether WD substantially continued WDE's business. A hearing is scheduled for February 2, 2011 at 4:30 P.M. The Clerk of the Court is directed to close this motion (Docket No. 133). (Signed by Judge Shira A. Scheindlin on 11/29/2010) (jfe) Modified on 11/30/2010 (jfe). Modified on 12/3/2010 (ajc). (Entered: 11/29/2010) |
| 11/29/2010 | | Set/Reset Hearings: Status Conference set for 2/2/2011 at 04:30 PM before Judge Shira A. Scheindlin. (jfe) (Entered: 11/29/2010) |
| 12/13/2010 | 160 | NOTICE OF VOLUNTARY DISMISSAL Pursuant to Rule 41(a)(1)(A)(i) of |

| | | |
|---|---|---|
| | | the Federal Rules of Civil Procedure, the plaintiff(s) and or their counsel(s), hereby give notice that the above-captioned action is voluntarily dismissed without prejudice and without costs against the defendant(s) JVC Americas Corporation. (Signed by Judge Shira A. Scheindlin on 12/13/10) (laq) (Entered: 12/13/2010) |
| 12/29/2010 | 161 | NOTICE OF APPEAL from 159 Memorandum & Opinion. Document filed by Erik Andersen, Software Freedom Conservancy, Inc. Filing fee $ 455.00, receipt number E 924625. (tp) (Entered: 12/29/2010) |
| 12/29/2010 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 161 Notice of Appeal. (tp) (Entered: 12/29/2010) |
| 12/29/2010 | | Transmission of Notice of Appeal to the District Judge re: 161 Notice of Appeal. (tp) (Entered: 12/29/2010) |
| 12/29/2010 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 112 MOTION for Default Judgment as to *Westinghouse Digital Electronics, LLC*. MOTION for Summary Judgment *against Westinghouse Digital Electronics, LLC*. filed by Erik Andersen, Software Freedom Conservancy, Inc., 8 Certificate of Service Complaints filed by Humax USA Inc., 139 Certificate of Service Other, filed by Erik Andersen, Software Freedom Conservancy, Inc., 64 Answer to Complaint, Counterclaim filed by Best Buy Co., Inc., 1 Complaint, filed by Software Freedom Conservancy, Inc., 48 Stipulation and Order, Set Deadlines/Hearings, 140 Certificate of Service Other, filed by Erik Andersen, Software Freedom Conservancy, Inc., 33 Stipulation and Order, Set Deadlines/Hearings, 87 Stipulation and Order, 42 Order Admitting Attorney Pro Hac Vice, 81 Rule 7.1 Corporate Disclosure Statement filed by Comtred Corporation, 103 Stipulation and Order of Dismissal, 95 Stipulation and Order, 96 Stipulation and Order, 23 Stipulation and Order, Set Deadlines, 39 Notice of Appearance filed by Humax USA Inc., 17 Notice of Appearance filed by Dobbs-Stanford Corporation, 83 Rule 7.1 Corporate Disclosure Statement filed by ZYXEL Communications Inc., 34 Stipulation and Order, Set Deadlines/Hearings, 50 Endorsed Letter, 56 Notice of Appearance filed by Best Buy Co., Inc., 54 Order Referring Case to Magistrate Judge, 15 Notice of Appearance filed by Comtred Corporation, 63 Rule 7.1 Corporate Disclosure Statement filed by Best Buy Co., Inc., 149 Memorandum of Law in Opposition to Motion, filed by Westinghouse Digital, LLC, 27 Certificate of Service Complaints filed by Software Freedom Conservancy, Inc., 122 MOTION for Shiou-Jin Christine Hwang Yang to Appear Pro Hac Vice filed by ZYXEL Communications Inc., 74 Rule 7.1 Corporate Disclosure Statement filed by Western Digital Technologies, Inc., 104 Order, Set Hearings, 24 Stipulation and Order, Set Deadlines, 2 Rule 7.1 Corporate Disclosure Statement filed by Software Freedom Conservancy, Inc., 77 Answer to Complaint by ZYXEL Communications Inc., 41 Notice of Appearance filed by Phoebe Micro, Inc., 49 Stipulation and Order, Set Deadlines, 94 Stipulation and Order, 115 Declaration in Support of Motion, filed by Erik Andersen, Software Freedom Conservancy, Inc., 46 Order Admitting Attorney Pro Hac Vice, 153 Declaration in Opposition to Motion filed by Credit Managers Association of California, 72 Rule 7.1 Corporate |

Disclosure Statement filed by Dobbs-Stanford Corporation, 130
Memorandum of Law in Opposition to Motion filed by Erik Andersen,
Software Freedom Conservancy, Inc., 13 Certificate of Service Complaints
filed by Software Freedom Conservancy, Inc., 85 Stipulation and Order, Set
Deadlines, 136 Protective Order, 30 Stipulation and Order, Set
Deadlines/Hearings, 144 Notice of Voluntary Dismissal - Signed, 62 Answer
to Complaint filed by Westinghouse Digital Electronics, LLC, 25 Certificate
of Service Complaints filed by Software Freedom Conservancy, Inc., 88
Stipulation and Order, Set Deadlines, 156 Declaration in Support of Motion
filed by Erik Andersen, Software Freedom Conservancy, Inc., 61 Rule 7.1
Corporate Disclosure Statement filed by Westinghouse Digital Electronics,
LLC, 18 Notice of Appearance filed by Dobbs-Stanford Corporation, 92
Stipulation and Order, Set Deadlines/Hearings, 58 Notice of Appearance filed
by Best Buy Co., Inc., 55 Notice of Appearance filed by Versa Technology
Inc., 108 Endorsed Letter, Set Deadlines/Hearings, 127 MOTION for Kyle
Bradford Fleming; Sarah Bawany Yousuf to Withdraw as Attorney. filed by
Westinghouse Digital Electronics, LLC, 109 Stipulation and Order of
Dismissal, 22 Stipulation and Order, Set Deadlines, 101 Rule 7.1 Corporate
Disclosure Statement filed by Samsung Electronics America, Inc., 138
Certificate of Service Other, filed by Erik Andersen, Software Freedom
Conservancy, Inc., 161 Notice of Appeal filed by Erik Andersen, Software
Freedom Conservancy, Inc., 19 Stipulation and Order, Set
Deadlines/Hearings, 47 Endorsed Letter, 126 Stipulation and Order of
Dismissal, Add and Terminate Parties, 160 Notice of Voluntary Dismissal -
Signed, 110 Stipulation and Order of Dismissal, 84 Notice of Voluntary
Dismissal - Signed, 146 Memorandum of Law in Opposition to Motion filed
by Credit Managers Association of California, 98 Order Admitting Attorney
Pro Hac Vice, 129 Declaration in Support of Motion, filed by Westinghouse
Digital Electronics, LLC, 66 Answer to Complaint filed by Versa Technology
Inc., 116 Declaration in Support of Motion, filed by Erik Andersen, Software
Freedom Conservancy, Inc., 145 Stipulation and Order of Dismissal, 141
Memo Endorsement, 5 Certificate of Service Complaints filed by Software
Freedom Conservancy, Inc., 119 Notice of Appearance filed by Best Buy Co.,
Inc., 137 Endorsed Letter, Set Deadlines, 4 Certificate of Service Complaints
filed by Software Freedom Conservancy, Inc., 133 MOTION for Joinder.
filed by Erik Andersen, Software Freedom Conservancy, Inc., 79 Answer to
Complaint filed by Humax USA Inc., 9 Certificate of Service Complaints
filed by Software Freedom Conservancy, Inc., 67 Answer to Complaint filed
by Robert Bosch LLC, 128 Memorandum of Law in Support of Motion filed
by Westinghouse Digital Electronics, LLC, 51 Notice of Appearance filed by
Westinghouse Digital Electronics, LLC, 28 Stipulation and Order, Set
Deadlines/Hearings, 124 MOTION to Withdraw 122 MOTION for Shiou-Jin
Christine Hwang Yang to Appear Pro Hac Vice filed by ZYXEL
Communications Inc., 57 Notice of Appearance filed by Best Buy Co., Inc.,
68 Rule 26 Disclosure filed by Robert Bosch LLC, 102 Answer to Complaint
filed by Samsung Electronics America, Inc., 36 Notice of Appearance filed by
Astak Inc., 11 Certificate of Service Complaints filed by Software Freedom
Conservancy, Inc., 147 Declaration in Opposition to Motion filed by Credit
Managers Association of California, 75 Answer to Complaint filed by
Comtred Corporation, 157 Certificate of Service Other filed by Credit

Managers Association of California, 89 Stipulation and Order, Set Deadlines/Hearings, 142 Stipulation and Order, 135 Declaration in Support of Motion filed by Erik Andersen, Software Freedom Conservancy, Inc., 76 Answer to Complaint filed by Astak Inc., 65 Rule 7.1 Corporate Disclosure Statement filed by Robert Bosch LLC, 43 Order Admitting Attorney Pro Hac Vice, 6 Certificate of Service Complaints filed by Software Freedom Conservancy, Inc., 37 Notice of Appearance filed by Western Digital Corporation, 71 Rule 7.1 Corporate Disclosure Statement filed by Versa Technology Inc., 44 Notice of Appearance filed by JVC Americas Corporation, 14 Certificate of Service Complaints filed by Software Freedom Conservancy, Inc., 155 Reply Memorandum of Law in Support of Motion filed by Erik Andersen, Software Freedom Conservancy, Inc., 70 Answer to Complaint filed by JVC Americas Corporation, 35 Order for Initial Pretrial Conference, 38 Notice of Appearance filed by JVC Americas Corporation, 7 Certificate of Service Complaints filed by Software Freedom Conservancy, Inc., 26 Certificate of Service Complaints filed by Software Freedom Conservancy, Inc., 148 Declaration in Opposition to Motion, filed by Credit Managers Association of California, 114 Rule 56.1 Statement filed by Erik Andersen, Software Freedom Conservancy, Inc., 45 Order Admitting Attorney Pro Hac Vice, 158 Scheduling Order, 32 Notice of Appearance filed by Westinghouse Digital Electronics, LLC, 100 Notice of Appearance filed by Western Digital Corporation, 60 Stipulation and Order, Set Deadlines/Hearings, 125 Order on Motion to Appear Pro Hac Vice, 73 Answer to Complaint filed by Dobbs-Stanford Corporation, 143 Order Admitting Attorney Pro Hac Vice, 106 Order Admitting Attorney Pro Hac Vice, 52 Stipulation and Order, Set Deadlines, 154 Notice of Change of Address filed by Best Buy Co., Inc., 53 Scheduling Order, 159 Memorandum & Opinion, 134 Memorandum of Law in Support of Motion filed by Erik Andersen, Software Freedom Conservancy, Inc., 29 Stipulation and Order, Set Deadlines, 40 Notice of Appearance filed by Humax USA Inc., 121 Endorsed Letter, 3 Stipulation and Order, Set Deadlines/Hearings, 10 Certificate of Service Complaints filed by Software Freedom Conservancy, Inc., 99 Order Admitting Attorney Pro Hac Vice, 91 Stipulation and Order, Set Deadlines/Hearings, 151 Certificate of Service Other, filed by Credit Managers Association of California, 90 Stipulation and Order, 117 Declaration in Support of Motion, filed by Erik Andersen, Software Freedom Conservancy, Inc., 21 Stipulation and Order, Set Deadlines, 82 Rule 7.1 Corporate Disclosure Statement filed by Astak Inc., 113 Memorandum of Law in Support of Motion, filed by Erik Andersen, Software Freedom Conservancy, Inc., 86 Stipulation and Order, Set Deadlines/Hearings, 80 Answer to Counterclaim filed by Humax USA Inc., 16 Notice of Appearance filed by ZYXEL Communications Inc., 123 Stipulation of Voluntary Dismissal, filed by Erik Andersen, Software Freedom Conservancy, Inc., 97 Answer to Counterclaim filed by Erik Andersen, Software Freedom Conservancy, Inc., 20 MOTION for Extension of Time to File Answer. filed by Best Buy Co., Inc., 152 Notice of Change of Address filed by Best Buy Co., Inc., 12 Certificate of Service Complaints filed by Software Freedom Conservancy, Inc., 31 Notice of Appearance filed by Western Digital Corporation, 78 Answer to Complaint filed by Western Digital Technologies, Inc., 93 Stipulation and Order, 59 Notice of Appearance filed by Best Buy

|            |     |                                                                                 |
|------------|-----|---------------------------------------------------------------------------------|
|            |     | Co., Inc., <u>150</u> Order Admitting Attorney Pro Hac Vice, <u>69</u> Rule 7.1 Corporate Disclosure Statement filed by JVC Americas Corporation, <u>132</u> Order, <u>120</u> Notice of Appearance filed by Best Buy Co., Inc., <u>107</u> Order Admitting Attorney Pro Hac Vice, <u>105</u> Endorsed Letter, Set Deadlines/Hearings, <u>111</u> Order of Dismissal, <u>131</u> Memorandum & Opinion, were transmitted to the U.S. Court of Appeals. (tp) (Entered: 12/29/2010) |
| 01/18/2011 | <u>162</u> | NOTICE OF VOLUNTARY DISMISSAL Pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the plaintiff(s) and or their counsel(s), hereby give notice that the above-captioned action is voluntarily dismissed against the defendant(s) Versa Technology Inc. SO ORDERED. (Signed by Judge Shira A. Scheindlin on 1/18/2011) (jmi) (Entered: 01/19/2011) |
| 01/31/2011 | <u>163</u> | MOTION for Preliminary Injunction. Document filed by Erik Andersen, Software Freedom Conservancy, Inc..(Ravicher, Daniel) (Entered: 01/31/2011) |
| 01/31/2011 | <u>164</u> | MEMORANDUM OF LAW in Support re: <u>163</u> MOTION for Preliminary Injunction.. Document filed by Erik Andersen, Software Freedom Conservancy, Inc.. (Ravicher, Daniel) (Entered: 01/31/2011) |
| 01/31/2011 | <u>165</u> | DECLARATION of Erik Andersen in Support re: <u>163</u> MOTION for Preliminary Injunction.. Document filed by Erik Andersen, Software Freedom Conservancy, Inc.. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2)(Ravicher, Daniel) (Entered: 01/31/2011) |
| 01/31/2011 | <u>166</u> | DECLARATION of Bradley M. Kuhn in Support re: <u>163</u> MOTION for Preliminary Injunction.. Document filed by Erik Andersen, Software Freedom Conservancy, Inc.. (Ravicher, Daniel) (Entered: 01/31/2011) |
| 02/01/2011 | <u>167</u> | ANSWER to Complaint with JURY DEMAND. Document filed by Phoebe Micro, Inc.. (Attachments: # <u>1</u> Supplement Certificate of Service)(Kaver, Andrew) (Entered: 02/01/2011) |
| 02/01/2011 | <u>168</u> | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Phoebe Micro, Inc..(Kaver, Andrew) (Entered: 02/01/2011) |
| 02/14/2011 | <u>169</u> | MEMO ENDORSEMENT ON <u>124</u> Motion to Withdraw. ENDORSEMENT: Ms. Kirsch's motion to withdraw her motion to admit counsel pro hac vice is granted. The Clerk of the Court is directed to close this motion, docket number <u>124</u> . So Ordered. (Signed by Judge Shira A. Scheindlin on 2/14/2011) (lnl) (Entered: 02/14/2011) |
| 02/17/2011 | 170 | TRANSCRIPT of proceedings held on February 2, 2011 before Judge Shira A. Scheindlin. (js) (Entered: 02/18/2011) |
| 02/23/2011 | <u>171</u> | FILING ERROR - ELECTRONIC FILING FOR NON-ECF DOCUMENT (LETTER) - MOTION Finding of Contempt. Document filed by Erik Andersen, Software Freedom Conservancy, Inc..(Ravicher, Daniel) Modified on 2/24/2011 (ka). (Entered: 02/23/2011) |
| 02/23/2011 | <u>172</u> | MOTION Finding Westinghouse Digital Electronics, LLC in Contempt. Document filed by Erik Andersen, Software Freedom Conservancy, Inc. |

| | | |
|---|---|---|
| | | (Ravicher, Daniel) Modified on 2/24/2011 (ka). (Entered: 02/23/2011) |
| 02/23/2011 | <u>173</u> | MEMORANDUM OF LAW in Support re: <u>172</u> MOTION Finding of Contempt. Document filed by Erik Andersen, Software Freedom Conservancy, Inc. (Ravicher, Daniel) Modified on 2/24/2011 (ka). (Entered: 02/23/2011) |
| 02/24/2011 | | ***NOTE TO ATTORNEY THAT THE ATTEMPTED FILING OF Document No. <u>171</u> HAS BEEN REJECTED. Note to Attorney Daniel Ben Ravicher : THE CLERK'S OFFICE DOES NOT ACCEPT LETTERS FOR FILING, either through ECF or otherwise, except where the judge has ordered that a particular letter be docketed. Letters may be sent directly to a judge. (ka) (Entered: 02/24/2011) |
| 02/25/2011 | <u>174</u> | TRUE COPY ORDER of USCA as to <u>161</u> Notice of Appeal filed by Erik Andersen, Software Freedom Conservancy, Inc. USCA Case Number 10-5290....that the appeal is hereby WITHDRAWN pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Certified: 02/25/2011. (nd) (Entered: 02/25/2011) |
| 02/28/2011 | <u>175</u> | ORDER FOR EXTENSION OF TIME: IT IS HEREBY ORDERED that (i) the deadline for Phoebe Micro and Best Buy to file their papers in opposition to SFC's motion for preliminary injunction (Dkt. <u>163</u> ) is extended from February 28, 2011, to March 7, 2011; and (ii) the deadline for SFC to file its reply papers in support of its motion for preliminary injunction is extended from March 14, 2011, to March 21, 2011. Set Deadlines as to <u>163</u> MOTION for Preliminary Injunction: Responses due by 3/7/2011. Replies due by 3/21/2011. (Signed by Judge Shira A. Scheindlin on 2/25/2011) (lnl) (Entered: 02/28/2011) |
| 02/28/2011 | 176 | TRANSCRIPT of proceedings held on 2/22/11 before Judge Shira A. Scheindlin. (ama) (Entered: 02/28/2011) |
| 03/01/2011 | 177 | TRANSCRIPT of proceedings held on 2/2/2011 before Judge Shira A. Scheindlin. (ja) (Entered: 03/01/2011) |
| 03/07/2011 | <u>178</u> | MEMORANDUM OF LAW in Opposition re: <u>163</u> MOTION for Preliminary Injunction.. Document filed by Best Buy Co., Inc.. (McMahon, Emmett) (Entered: 03/07/2011) |
| 03/07/2011 | <u>179</u> | DECLARATION of Sharon E. Roberg-Perez in Opposition re: <u>163</u> MOTION for Preliminary Injunction.. Document filed by Best Buy Co., Inc.. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F, # <u>7</u> Exhibit G, # <u>8</u> Exhibit H, # <u>9</u> Exhibit I, # <u>10</u> Exhibit J, # <u>11</u> Exhibit K, # <u>12</u> Exhibit L)(McMahon, Emmett) (Entered: 03/07/2011) |
| 03/07/2011 | <u>180</u> | DECLARATION of Rashid Khan in Opposition re: <u>163</u> MOTION for Preliminary Injunction.. Document filed by Best Buy Co., Inc.. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B)(McMahon, Emmett) (Entered: 03/07/2011) |
| 03/07/2011 | <u>181</u> | DECLARATION of Patrick McGinnis in Opposition re: <u>163</u> MOTION for |

| | | |
|---|---|---|
| | | Preliminary Injunction.. Document filed by Best Buy Co., Inc.. (McMahon, Emmett) (Entered: 03/07/2011) |
| 03/07/2011 | 182 | NOTICE OF APPEARANCE by Brian Scott Cohen on behalf of Phoebe Micro, Inc. (Cohen, Brian) (Entered: 03/07/2011) |
| 03/07/2011 | 183 | RESPONSE in Opposition re: 163 MOTION for Preliminary Injunction. *Phoebe Micro, Inc.'s Notice of Joinder In Defendant Best Buy Co. Inc.'s Opposition to Motion for Preliminary Injunction.* Document filed by Phoebe Micro, Inc.. (Cohen, Brian) (Entered: 03/07/2011) |
| 03/07/2011 | 184 | DECLARATION of Peter Lui in Opposition re: 163 MOTION for Preliminary Injunction.. Document filed by Phoebe Micro, Inc.. (Cohen, Brian) (Entered: 03/07/2011) |
| 03/09/2011 | 185 | MEMORANDUM OF LAW in Opposition re: 172 MOTION Finding of Contempt re: 171 MOTION Finding of Contempt... Document filed by Westinghouse Digital, LLC. (Kazan, Barry) (Entered: 03/09/2011) |
| 03/09/2011 | 186 | DECLARATION of Terri Poindexter in Opposition re: 172 MOTION Finding of Contempt re: 171 MOTION Finding of Contempt... Document filed by Westinghouse Digital, LLC. (Attachments: # 1 Certificate of Service) (Kazan, Barry) (Entered: 03/09/2011) |
| 03/09/2011 | 187 | DECLARATION of Kenneth Randall in Opposition re: 172 MOTION Finding of Contempt re: 171 MOTION Finding of Contempt... Document filed by Westinghouse Digital, LLC. (Attachments: # 1 Exhibit FCC Order, # 2 Exhibit Compliance Plan, # 3 Certificate of Service)(Kazan, Barry) (Entered: 03/09/2011) |
| 03/21/2011 | 188 | REPLY MEMORANDUM OF LAW in Support re: 163 MOTION for Preliminary Injunction.. Document filed by Erik Andersen, Software Freedom Conservancy, Inc.. (Ravicher, Daniel) (Entered: 03/21/2011) |
| 03/21/2011 | 189 | DECLARATION of Bradley M. Kuhn in Support re: 163 MOTION for Preliminary Injunction.. Document filed by Erik Andersen, Software Freedom Conservancy, Inc.. (Ravicher, Daniel) (Entered: 03/21/2011) |
| 03/21/2011 | 190 | DECLARATION of Aaron Williamson, Esq. in Support re: 163 MOTION for Preliminary Injunction.. Document filed by Erik Andersen, Software Freedom Conservancy, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Ravicher, Daniel) (Entered: 03/21/2011) |
| 03/22/2011 | 191 | REPLY MEMORANDUM OF LAW in Support re: 172 MOTION Finding of Contempt re: 171 MOTION Finding of Contempt... Document filed by Erik Andersen, Software Freedom Conservancy, Inc.. (Ravicher, Daniel) (Entered: 03/22/2011) |
| 03/23/2011 | 192 | ENDORSED LETTER addressed to Judge Shira A. Scheindlin from David Leichtman dated 3/23/2011 re: Requesting that the Reply and Kuhn Declaration be stricken, or in the alternative, that the Court consider Best Buy's responses to these new theories and arguments. ENDORSEMENT: Defendant's request is granted. The Court will consider Best Buy's response to the new issues raised in Plaintiffs' Reply, as set forth in this letter. So |

| | | |
|---|---|---|
| | | Ordered. (Signed by Judge Shira A. Scheindlin on 3/23/2011) (jpo) (Entered: 03/23/2011) |
| 04/14/2011 | <u>193</u> | OPINION AND ORDER. #100223 For the reasons in this opinion and order, plaintiffs' motion to join WD is denied. The Clerk of the Court is directed to close this motion (Docket No. 133). (Signed by Judge Shira A. Scheindlin on 4/14/2011) (rjm) Modified on 4/20/2011 (ajc). (Entered: 04/15/2011) |
| 04/26/2011 | <u>194</u> | ENDORSED LETTER addressed to Judge Shira A. Scheindlin from Emmett J. McMahon, dated 4/25/2011, re: Counsel for the defendant Best Buy Co., writes to request a pre-motion conference regarding a motion to strike Plaintiffs' claim for "actual damages and any additional profits of [Best Buy] incurred as the result of infringement." ENDORSEMENT: Request granted. A premotion conference will be held on May 6 at 2:30. So Ordered. (Pre-Motion Conference set for 5/6/2011 at 02:30 PM before Judge Shira A. Scheindlin) (Signed by Judge Shira A. Scheindlin on 4/25/2011) (lnl) (Entered: 04/26/2011) |
| 05/06/2011 | | Minute Entry for proceedings held before Judge Shira A. Scheindlin: Pre-Motion Conference held on 5/6/2011. (pl) (Entered: 06/01/2011) |
| 05/12/2011 | <u>195</u> | NOTICE OF VOLUNTARY DISMISSAL Pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, the plaintiff(s) and or their counsel(s), hereby give notice that the above-captioned action is voluntarily dismissed against the defendant(s) Western Digital Technologies, Inc. WITHOUT PREJUDICE, and without costs to any party. Plaintiffs maintain this action against all other defendants. (Signed by Judge Shira A. Scheindlin on 5/12/11) (pl) (Entered: 05/12/2011) |
| 05/17/2011 | <u>196</u> | FILING ERROR - DEFICIENT DOCKET ENTRY - MOTION for Michael Andrew Spiegel to Withdraw as Attorney. Document filed by Software Freedom Conservancy, Inc. Return Date set for 5/24/2011 at 12:00 PM. (Attachments: # <u>1</u> Affidavit Declaration of Michael A. Spiegel)(Spiegel, Michael) Modified on 5/18/2011 (db). (Entered: 05/17/2011) |
| 05/17/2011 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Michael Andrew Spiegel to RE-FILE Document <u>196</u> MOTION for Michael Andrew Spiegel to Withdraw as Attorney. ERROR(S): Supporting Documents are filed separately, each receiving their own document #. (db) (Entered: 05/18/2011) |
| 05/19/2011 | <u>197</u> | MOTION for Michael Andrew Spiegel to Withdraw as Attorney. Document filed by Software Freedom Conservancy, Inc..(Spiegel, Michael) (Entered: 05/19/2011) |
| 05/19/2011 | <u>198</u> | DECLARATION of Michael Andrew Spiegel in Support re: <u>197</u> MOTION for Michael Andrew Spiegel to Withdraw as Attorney.. Document filed by Software Freedom Conservancy, Inc.. (Spiegel, Michael) (Entered: 05/19/2011) |
| 05/31/2011 | <u>199</u> | TRANSCRIPT of Proceedings re: Conference held on 5/6/2011 before Judge Shira A. Scheindlin. Court Reporter/Transcriber: Denise Richards, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased |

| | | |
|---|---|---|
| | | through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/24/2011. Redacted Transcript Deadline set for 7/5/2011. Release of Transcript Restriction set for 9/1/2011.(McGuirk, Kelly) (Entered: 05/31/2011) |
| 05/31/2011 | 200 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a Conference proceeding held on 5/6/11 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 05/31/2011) |
| 06/03/2011 | 201 | MANDATE of USCA (Certified Copy) as to 161 Notice of Appeal filed by Erik Andersen, Software Freedom Conservancy, Inc. USCA Case Number 10-5290. The parties in the above-referenced case have filed a stipulation withdrawing this appeal pursuant to Local Rule 42.1. Each party has submitted a separate electronically signed counterpart reflecting the negotiated terms of the stipulation. The stipulations are hereby "So Ordered". Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 6/3/2011. (tp) (Entered: 06/06/2011) |
| 06/06/2011 | | Transmission of USCA Mandate/Order to the District Judge re: 201 USCA Mandate.(tp) (Entered: 06/06/2011) |
| 06/10/2011 | 202 | MOTION for Mishi Choudhary to Withdraw as Attorney. Document filed by Erik Andersen, Software Freedom Conservancy, Inc..(Ravicher, Daniel) (Entered: 06/10/2011) |
| 06/10/2011 | 203 | DECLARATION of Mishi Choudhary in Support re: 202 MOTION for Mishi Choudhary to Withdraw as Attorney.. Document filed by Erik Andersen, Software Freedom Conservancy, Inc.. (Ravicher, Daniel) (Entered: 06/10/2011) |
| 06/14/2011 | 204 | STIPULATION AND ORDER OF VOLUNTARY DISMISSAL: It is hereby stipulated and agreed by and between the parties and/or their respective counsel(s) that the above-captioned action is voluntarily dismissed, with prejudice against the defendant Best Buy Co., Inc. pursuant to Rule 41(a)(1) (A)(ii) of the Federal Rules of Civil Procedure. (Signed by Judge Shira A. Scheindlin on 6/13/2011) (js) Modified on 6/16/2011 (js). (Entered: 06/14/2011) |
| 06/20/2011 | 205 | MOTION for Aaron Kyle Williamson to Withdraw as Attorney. Document filed by Erik Andersen, Software Freedom Conservancy, Inc..(Ravicher, Daniel) (Entered: 06/20/2011) |
| 06/20/2011 | 206 | DECLARATION of Aaron Williamson, Esq. in Support re: 205 MOTION for Aaron Kyle Williamson to Withdraw as Attorney.. Document filed by Erik Andersen, Software Freedom Conservancy, Inc.. (Ravicher, Daniel) (Entered: 06/20/2011) |
| 06/30/2011 | 207 | NOTICE OF APPEARANCE by David Leichtman on behalf of ZYXEL |

| | | |
|---|---|---|
| | | Communications Inc. (Leichtman, David) (Entered: 06/30/2011) |
| 07/19/2011 | 208 | ENDORSED LETTER addressed to Judge Shira A. Scheindlin from Daniel B. Ravicher dated 7/15/2011 re: Counsel request a pre-motion conference in contemplation of filing motion for summary judgment. ENDORSEMENT: Request for a pre-motion conference is granted and scheduled for July 28, 2011 at 3:30 p.m. So Ordered. (Signed by Judge Shira A. Scheindlin on 7/18/2011) (jfe) (Entered: 07/20/2011) |
| 07/21/2011 | 209 | STIPULATION AND ORDER: It is hereby stipulated and agreed that: Plaintiffs' currently pending Motion For Preliminary Injunction Against Best Buy and Phoebe (Dkt. 163) shall be withdrawn in its entirety, Plaintiffs may refile their motion for a preliminary injunction against Phoebe any time after the entering of this Order by the Court, If Plaintiffs refile their motion for a preliminary injunction, Phoebe shall have ten (l0) days after Plaintiffs refile their motion to file any opposition, and if Phoebe files an opposition, Plaintiffs shall have seven (7) days from the filing of that opposition to file a reply. (Signed by Judge Shira A. Scheindlin on 7/21/2011) (ft) (Entered: 07/21/2011) |
| 07/21/2011 | 210 | ENDORSED LETTER addressed to Judge Shira A. Scheindlin from David Leichtman dated 7/20/11 re: counsel defendant writes that due to a scheduling conflict, the parties respectfully request the Court to re-schedule the above-noticed pre-motion conference. ENDORSEMENT: Request granted. Conference rescheduled to August 8 at 5:00 pm. So Ordered., ( Pre-Motion Conference set for 8/8/2011 at 05:00 PM before Judge Shira A. Scheindlin.) (Signed by Judge Shira A. Scheindlin on 7/20/11) (pl) (Entered: 07/22/2011) |
| 08/08/2011 | 211 | OPINION AND ORDER:#100634 For the aforementioned reasons stated above, plaintiffs' motion to hold WD in contempt of this Court's earlier injunction against WDE pursuant to Rule 65( d) is granted. Counsel is ordered to submit information regarding WD's ability to pay and plaintiffs' lost profits within fifteen (15) days of the issuance of this Opinion and Order. Plaintiffs are directed to submit a fee application by the same date. The Clerk of the Court is directed to close this motion (docket # 172). (Signed by Judge Shira A. Scheindlin on 8/8/2011) (js) Modified on 8/9/2011 (jab). (Entered: 08/09/2011) |
| 08/08/2011 | | Minute Entry for proceedings held before Judge Shira A. Scheindlin: Pre-Motion Conference held on 8/8/2011. (ft) (Entered: 08/16/2011) |
| 08/08/2011 | | Minute Entry for proceedings held before Judge Shira A. Scheindlin: Pre-Motion Conference held on 8/8/2011. (ft) (Entered: 08/16/2011) |
| 08/15/2011 | 212 | TRANSCRIPT of Proceedings re: Conference held on 8/8/2011 before Judge Shira A. Scheindlin. Court Reporter/Transcriber: Andrew Walker, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/8/2011. Redacted Transcript Deadline set for 9/19/2011. Release of Transcript Restriction set for 11/17/2011.(McGuirk, Kelly) (Entered: 08/15/2011) |
| | | |

| 08/15/2011 | 213 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a Conference proceeding held on 8/8/11 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 08/15/2011) |
|---|---|---|
| 08/15/2011 | | Minute Entry for proceedings held before Judge Shira A. Scheindlin: Status Conference held on 8/15/2011. (ft) (Entered: 08/17/2011) |
| 08/18/2011 | | Minute Entry for proceedings held before Judge Shira A. Scheindlin: Pre-Motion Conference held on 8/18/2011. (mro) (Entered: 09/01/2011) |
| 08/19/2011 | 214 | ENDORSED LETTER addressed to Judge Shira A. Scheindlin from Barry M. Kazan dated 8/19/2011 re: Counsel for the non-party Westinghouse Digital LLC writes to request that the Court extend the time for submissions under the 8/8/2011 Order until 9/7/2011. ENDORSEMENT: Request granted. The parties may have until September 7 to make their submissions as required by the August 8 Order. (Signed by Judge Shira A. Scheindlin on 8/19/211) (ab) (Entered: 08/19/2011) |
| 08/26/2011 | 215 | MEMO ENDORSEMENT on Notice of Withdrawal and Request for Removal from Docket. ENDORSEMENT: Request granted. Mishi Choudhary is hereby relieved as counsel to plaintiffs in this matter. The Clerk of Court is directed to remove her name from the docket and to terminate ECF noticing to her in this matter. The Clerk is further directed to close this motion 202 . So ordered. (Signed by Judge Shira A. Scheindlin on 8/26/2011) (mro) (Entered: 08/26/2011) |
| 08/26/2011 | 216 | MEMO ENDORSEMENT on Notice of Withdrawal and Request for Removal from Docket. ENDORSEMENT: Request granted. Aaron Williamson is hereby relieved as counsel to plaintiffs in this matter. The Clerk of Court is directed to remove his name from the docket and to terminate ECF noticing to him in this matter. The Clerk is further directed to close this motion 205 . So ordered. Motions terminated: 205 MOTION for Aaron Kyle Williamson to Withdraw as Attorney filed by Erik Andersen, Software Freedom Conservancy, Inc. (Signed by Judge Shira A. Scheindlin on 8/26/2011) (mro) (Entered: 08/26/2011) |
| 08/30/2011 | 217 | TRANSCRIPT of Proceedings re: CONFERENCE held on 8/15/2011 before Judge Shira A. Scheindlin. Court Reporter/Transcriber: William Richards, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/23/2011. Redacted Transcript Deadline set for 10/3/2011. Release of Transcript Restriction set for 12/1/2011.(Moya, Goretti) (Entered: 08/30/2011) |
| 08/30/2011 | 218 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 8/15/11 has been filed by the court reporter/transcriber in the above-captioned matter. The |

| | | |
|---|---|---|
| | | parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Moya, Goretti) (Entered: 08/30/2011) |
| 09/07/2011 | 219 | NOTICE OF APPEAL from 211 Opinion & Order. Document filed by Westinghouse Digital, LLC. Filing fee $ 455.00, receipt number 465401015859. (nd) (Entered: 09/08/2011) |
| 09/08/2011 | | Transmission of Notice of Appeal to the District Judge re: 219 Notice of Appeal. (nd) (Entered: 09/08/2011) |
| 09/08/2011 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 219 Notice of Appeal. (nd) (Entered: 09/08/2011) |
| 09/08/2011 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 189 Declaration in Support of Motion filed by Erik Andersen, Software Freedom Conservancy, Inc., 199 Transcript,, 192 Endorsed Letter, Set Deadlines/Hearings,,,, 197 MOTION for Michael Andrew Spiegel to Withdraw as Attorney. filed by Software Freedom Conservancy, Inc., 212 Transcript,, 209 Stipulation and Order,, 181 Declaration in Opposition to Motion filed by Best Buy Co., Inc., 194 Endorsed Letter, Set Deadlines/Hearings,,,, 207 Notice of Appearance filed by ZYXEL Communications Inc., 216 Memo Endorsement, Terminate Motions,,,, 205 MOTION for Aaron Kyle Williamson to Withdraw as Attorney. filed by Erik Andersen, Software Freedom Conservancy, Inc., 187 Declaration in Opposition to Motion, filed by Westinghouse Digital, LLC, 190 Declaration in Support of Motion, filed by Erik Andersen, Software Freedom Conservancy, Inc., 179 Declaration in Opposition to Motion, filed by Best Buy Co., Inc., 184 Declaration in Opposition to Motion filed by Phoebe Micro, Inc., 210 Endorsed Letter, Set Scheduling Order Deadlines,, 185 Memorandum of Law in Opposition to Motion filed by Westinghouse Digital, LLC, 174 USCA Order, 166 Declaration in Support of Motion filed by Erik Andersen, Software Freedom Conservancy, Inc., 218 Notice of Filing Transcript, 217 Transcript,, 178 Memorandum of Law in Opposition to Motion filed by Best Buy Co., Inc., 164 Memorandum of Law in Support of Motion filed by Erik Andersen, Software Freedom Conservancy, Inc., 214 Endorsed Letter, 203 Declaration in Support of Motion filed by Erik Andersen, Software Freedom Conservancy, Inc., 173 Memorandum of Law in Support of Motion filed by Erik Andersen, Software Freedom Conservancy, Inc., 163 MOTION for Preliminary Injunction. filed by Erik Andersen, Software Freedom Conservancy, Inc., 182 Notice of Appearance filed by Phoebe Micro, Inc., 211 Memorandum & Opinion,, 162 Notice of Voluntary Dismissal - Signed, 165 Declaration in Support of Motion filed by Erik Andersen, Software Freedom Conservancy, Inc., 213 Notice of Filing Transcript, 215 Memo Endorsement, 191 Reply Memorandum of Law in Support of Motion filed by Erik Andersen, Software Freedom Conservancy, Inc., 202 MOTION for Mishi Choudhary to Withdraw as Attorney. filed by Erik Andersen, Software Freedom Conservancy, Inc., 188 Reply Memorandum of Law in Support of Motion filed by Erik Andersen, Software Freedom Conservancy, Inc., 175 Order, Set Motion and R&R |

Deadlines/Hearings,,,, 200 Notice of Filing Transcript, 193 Memorandum & Opinion, 169 Order on Motion to Withdraw, 204 Stipulation and Order of Voluntary Dismissal, 195 Notice of Voluntary Dismissal - Signed, 219 Notice of Appeal filed by Westinghouse Digital, LLC, 168 Rule 7.1 Corporate Disclosure Statement filed by Phoebe Micro, Inc., 206 Declaration in Support of Motion filed by Erik Andersen, Software Freedom Conservancy, Inc., 201 USCA Mandate,, 180 Declaration in Opposition to Motion filed by Best Buy Co., Inc., 172 MOTION Finding of Contempt re: 171 MOTION Finding of Contempt.. filed by Erik Andersen, Software Freedom Conservancy, Inc., 186 Declaration in Opposition to Motion filed by Westinghouse Digital, LLC, 183 Response in Opposition to Motion, filed by Phoebe Micro, Inc., 208 Endorsed Letter, Set Hearings,, 167 Answer to Complaint filed by Phoebe Micro, Inc., 198 Declaration in Support of Motion filed by Software Freedom Conservancy, Inc., 112 MOTION for Default Judgment as to Westinghouse Digital Electronics, LLC. MOTION for Summary Judgment against Westinghouse Digital Electronics, LLC. filed by Erik Andersen, Software Freedom Conservancy, Inc., 8 Certificate of Service Complaints filed by Humax USA Inc., 139 Certificate of Service Other, filed by Erik Andersen, Software Freedom Conservancy, Inc., 64 Answer to Complaint, Counterclaim filed by Best Buy Co., Inc., 1 Complaint, filed by Software Freedom Conservancy, Inc., 48 Stipulation and Order, Set Deadlines/Hearings, 140 Certificate of Service Other, filed by Erik Andersen, Software Freedom Conservancy, Inc., 33 Stipulation and Order, Set Deadlines/Hearings, 87 Stipulation and Order, 42 Order Admitting Attorney Pro Hac Vice, 81 Rule 7.1 Corporate Disclosure Statement filed by Comtred Corporation, 103 Stipulation and Order of Dismissal, 95 Stipulation and Order, 96 Stipulation and Order, 23 Stipulation and Order, Set Deadlines, 39 Notice of Appearance filed by Humax USA Inc., 17 Notice of Appearance filed by Dobbs-Stanford Corporation, 83 Rule 7.1 Corporate Disclosure Statement filed by ZYXEL Communications Inc., 34 Stipulation and Order, Set Deadlines/Hearings, 50 Endorsed Letter, 56 Notice of Appearance filed by Best Buy Co., Inc., 54 Order Referring Case to Magistrate Judge, 15 Notice of Appearance filed by Comtred Corporation, 63 Rule 7.1 Corporate Disclosure Statement filed by Best Buy Co., Inc., 149 Memorandum of Law in Opposition to Motion, filed by Westinghouse Digital, LLC, 27 Certificate of Service Complaints filed by Software Freedom Conservancy, Inc., 122 MOTION for Shiou-Jin Christine Hwang Yang to Appear Pro Hac Vice filed by ZYXEL Communications Inc., 74 Rule 7.1 Corporate Disclosure Statement filed by Western Digital Technologies, Inc., 104 Order, Set Hearings, 24 Stipulation and Order, Set Deadlines, 2 Rule 7.1 Corporate Disclosure Statement filed by Software Freedom Conservancy, Inc., 77 Answer to Complaint filed by ZYXEL Communications Inc., 41 Notice of Appearance filed by Phoebe Micro, Inc., 49 Stipulation and Order, Set Deadlines, 94 Stipulation and Order, 115 Declaration in Support of Motion, filed by Erik Andersen, Software Freedom Conservancy, Inc., 46 Order Admitting Attorney Pro Hac Vice, 153 Declaration in Opposition to Motion filed by Credit Managers Association of California, 72 Rule 7.1 Corporate Disclosure Statement filed by Dobbs-Stanford Corporation, 130 Memorandum of Law in Opposition to Motion filed by Erik Andersen, Software Freedom Conservancy, Inc., 13 Certificate of Service Complaints filed by Software Freedom Conservancy, Inc., 85

Stipulation and Order, Set Deadlines, <u>136</u> Protective Order, <u>30</u> Stipulation and Order, Set Deadlines/Hearings, <u>144</u> Notice of Voluntary Dismissal - Signed, <u>62</u> Answer to Complaint filed by Westinghouse Digital Electronics, LLC, <u>25</u> Certificate of Service Complaints filed by Software Freedom Conservancy, Inc., <u>88</u> Stipulation and Order, Set Deadlines, <u>156</u> Declaration in Support of Motion filed by Erik Andersen, Software Freedom Conservancy, Inc., <u>61</u> Rule 7.1 Corporate Disclosure Statement filed by Westinghouse Digital Electronics, LLC, <u>18</u> Notice of Appearance filed by Dobbs-Stanford Corporation, <u>92</u> Stipulation and Order, Set Deadlines/Hearings, <u>58</u> Notice of Appearance filed by Best Buy Co., Inc., <u>55</u> Notice of Appearance filed by Versa Technology Inc., <u>108</u> Endorsed Letter, Set Deadlines/Hearings, <u>127</u> MOTION for Kyle Bradford Fleming; Sarah Bawany Yousuf to Withdraw as Attorney. filed by Westinghouse Digital Electronics, LLC, <u>109</u> Stipulation and Order of Dismissal, <u>22</u> Stipulation and Order, Set Deadlines, <u>101</u> Rule 7.1 Corporate Disclosure Statement filed by Samsung Electronics America, Inc., <u>138</u> Certificate of Service Other, filed by Erik Andersen, Software Freedom Conservancy, Inc., <u>161</u> Notice of Appeal filed by Erik Andersen, Software Freedom Conservancy, Inc., <u>19</u> Stipulation and Order, Set Deadlines/Hearings, <u>47</u> Endorsed Letter, <u>126</u> Stipulation and Order of Dismissal, Add and Terminate Parties, <u>160</u> Notice of Voluntary Dismissal - Signed, <u>110</u> Stipulation and Order of Dismissal, <u>84</u> Notice of Voluntary Dismissal - Signed, <u>146</u> Memorandum of Law in Opposition to Motion filed by Credit Managers Association of California, <u>98</u> Order Admitting Attorney Pro Hac Vice, <u>129</u> Declaration in Support of Motion, filed by Westinghouse Digital Electronics, LLC, <u>66</u> Answer to Complaint filed by Versa Technology Inc., <u>116</u> Declaration in Support of Motion, filed by Erik Andersen, Software Freedom Conservancy, Inc., <u>145</u> Stipulation and Order of Dismissal, <u>141</u> Memo Endorsement, <u>5</u> Certificate of Service Complaints filed by Software Freedom Conservancy, Inc., <u>119</u> Notice of Appearance filed by Best Buy Co., Inc., <u>137</u> Endorsed Letter, Set Deadlines, <u>4</u> Certificate of Service Complaints filed by Software Freedom Conservancy, Inc., <u>133</u> MOTION for Joinder. filed by Erik Andersen, Software Freedom Conservancy, Inc., <u>79</u> Answer to Complaint filed by Humax USA Inc., <u>9</u> Certificate of Service Complaints filed by Software Freedom Conservancy, Inc., <u>67</u> Answer to Complaint filed by Robert Bosch LLC, <u>128</u> Memorandum of Law in Support of Motion filed by Westinghouse Digital Electronics, LLC, <u>51</u> Notice of Appearance filed by Westinghouse Digital Electronics, LLC, <u>28</u> Stipulation and Order, Set Deadlines/Hearings, <u>124</u> MOTION to Withdraw <u>122</u> MOTION for Shiou-Jin Christine Hwang Yang to Appear Pro Hac Vice filed by ZYXEL Communications Inc., <u>57</u> Notice of Appearance filed by Best Buy Co., Inc., <u>68</u> Rule 26 Disclosure filed by Robert Bosch LLC, <u>102</u> Answer to Complaint filed by Samsung Electronics America, Inc., <u>36</u> Notice of Appearance filed by Astak Inc., <u>11</u> Certificate of Service Complaints filed by Software Freedom Conservancy, Inc., <u>147</u> Declaration in Opposition to Motion filed by Credit Managers Association of California, <u>75</u> Answer to Complaint filed by Comtred Corporation, <u>157</u> Certificate of Service Other filed by Credit Managers Association of California, <u>89</u> Stipulation and Order, Set Deadlines/Hearings, <u>142</u> Stipulation and Order, <u>135</u> Declaration in Support of Motion filed by Erik Andersen, Software Freedom Conservancy, Inc., <u>76</u> Answer to Complaint filed by Astak Inc., <u>65</u> Rule 7.1 Corporate

Case: 11-3639, Document 19, 11/02/2011, 435997, Page74 of 78

Disclosure Statement filed by Robert Bosch LLC, 43 Order Admitting Attorney Pro Hac Vice, 6 Certificate of Service Complaints filed by Software Freedom Conservancy, Inc., 37 Notice of Appearance filed by Western Digital Corporation, 71 Rule 7.1 Corporate Disclosure Statement filed by Versa Technology Inc., 44 Notice of Appearance filed by JVC Americas Corporation, 14 Certificate of Service Complaints filed by Software Freedom Conservancy, Inc., 155 Reply Memorandum of Law in Support of Motion filed by Erik Andersen, Software Freedom Conservancy, Inc., 70 Answer to Complaint filed by JVC Americas Corporation, 35 Order for Initial Pretrial Conference, 38 Notice of Appearance filed by JVC Americas Corporation, 7 Certificate of Service Complaints filed by Software Freedom Conservancy, Inc., 26 Certificate of Service Complaints filed by Software Freedom Conservancy, Inc., 148 Declaration in Opposition to Motion, filed by Credit Managers Association of California, 114 Rule 56.1 Statement filed by Erik Andersen, Software Freedom Conservancy, Inc., 45 Order Admitting Attorney Pro Hac Vice, 158 Scheduling Order, 32 Notice of Appearance filed by Westinghouse Digital Electronics, LLC, 100 Notice of Appearance filed by Western Digital Corporation, 60 Stipulation and Order, Set Deadlines/Hearings, 125 Order on Motion to Appear Pro Hac Vice, 73 Answer to Complaint filed by Dobbs-Stanford Corporation, 143 Order Admitting Attorney Pro Hac Vice, 106 Order Admitting Attorney Pro Hac Vice, 52 Stipulation and Order, Set Deadlines, 154 Notice of Change of Address filed by Best Buy Co., Inc., 53 Scheduling Order, 159 Memorandum & Opinion, 134 Memorandum of Law in Support of Motion filed by Erik Andersen, Software Freedom Conservancy, Inc., 29 Stipulation and Order, Set Deadlines, 40 Notice of Appearance filed by Humax USA Inc., 121 Endorsed Letter, 3 Stipulation and Order, Set Deadlines/Hearings, 10 Certificate of Service Complaints filed by Software Freedom Conservancy, Inc., 99 Order Admitting Attorney Pro Hac Vice, 91 Stipulation and Order, Set Deadlines/Hearings, 151 Certificate of Service Other, filed by Credit Managers Association of California, 90 Stipulation and Order, 117 Declaration in Support of Motion, filed by Erik Andersen, Software Freedom Conservancy, Inc., 21 Stipulation and Order, Set Deadlines, 82 Rule 7.1 Corporate Disclosure Statement filed by Astak Inc., 113 Memorandum of Law in Support of Motion, filed by Erik Andersen, Software Freedom Conservancy, Inc., 86 Stipulation and Order, Set Deadlines/Hearings, 80 Answer to Counterclaim filed by Humax USA Inc., 16 Notice of Appearance filed by ZYXEL Communications Inc., 123 Stipulation of Voluntary Dismissal, filed by Erik Andersen, Software Freedom Conservancy, Inc., 97 Answer to Counterclaim filed by Erik Andersen, Software Freedom Conservancy, Inc., 20 MOTION for Extension of Time to File Answer. filed by Best Buy Co., Inc., 152 Notice of Change of Address filed by Best Buy Co., Inc., 12 Certificate of Service Complaints filed by Software Freedom Conservancy, Inc., 31 Notice of Appearance filed by Western Digital Corporation, 78 Answer to Complaint filed by Western Digital Technologies, Inc., 93 Stipulation and Order, 59 Notice of Appearance filed by Best Buy Co., Inc., 150 Order Admitting Attorney Pro Hac Vice, 69 Rule 7.1 Corporate Disclosure Statement filed by JVC Americas Corporation, 132 Order, 120 Notice of Appearance filed by Best Buy Co., Inc., 107 Order Admitting Attorney Pro Hac Vice, 105 Endorsed Letter, Set Deadlines/Hearings, 111

Case 11-3639, Document 19, 11/02/2011, 435997, Page75 of 78

| | | |
|---|---|---|
| | | Order of Dismissal, 131 Memorandum & Opinion were transmitted to the U.S. Court of Appeals. (nd) (Entered: 09/08/2011) |
| 09/09/2011 | 220 | MEMO ENDORSEMENT on NOTICE OF WITHDRAWAL AND REQUEST FOR REMOVAL FROM DOCKET. Endorsement: Request granted. Michael A. Spiegel is hereby relieved as counsel to plaintiffs in this matter. The Clerk of the Court is directed to remove his name from the docket and to terminate ECF noticing to him in this matter. The Clerk is further directed to close this motion (docket No. 197). (Signed by Judge Shira A. Scheindlin on 9/8/2011) (jar) (Entered: 09/09/2011) |
| 09/15/2011 | 221 | TRANSCRIPT of Proceedings re: Conference held on 8/18/2011 before Judge Shira A. Scheindlin. Court Reporter/Transcriber: William Richards, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/10/2011. Redacted Transcript Deadline set for 10/20/2011. Release of Transcript Restriction set for 12/19/2011. (McGuirk, Kelly) (Entered: 09/15/2011) |
| 09/15/2011 | 222 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a Conference proceeding held on 8/18/11 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 09/15/2011) |
| 09/16/2011 | 223 | MOTION to Amend/Correct 1 Complaint,. Document filed by Erik Andersen, Software Freedom Conservancy, Inc..(Ravicher, Daniel) (Entered: 09/16/2011) |
| 09/16/2011 | 224 | MEMORANDUM OF LAW in Support re: 223 MOTION to Amend/Correct 1 Complaint,.. Document filed by Erik Andersen, Software Freedom Conservancy, Inc.. (Ravicher, Daniel) (Entered: 09/16/2011) |
| 09/16/2011 | 225 | DECLARATION of Daniel B. Ravicher, Esq. in Support re: 223 MOTION to Amend/Correct 1 Complaint,.. Document filed by Erik Andersen, Software Freedom Conservancy, Inc.. (Attachments: # 1 Exhibit 1)(Ravicher, Daniel) (Entered: 09/16/2011) |
| 10/13/2011 | 226 | ENDORSED LETTER addressed to Judge Shira A Scheindlin from David Leichtman dated 10/12/2011 re: Request for a 30 day extension as follows. ENDORSEMENT: The parties request is granted and the above deadlines are adjourned as set forth above. No further extensions will be granted. ZYXEL Communications Inc. answer due 11/14/2011. (Motion due by 11/14/2011. Responses due by 12/12/2011. Replies due by 12/30/2011.) (Signed by Judge Shira A. Scheindlin on 10/13/2011) (cd) (Entered: 10/13/2011) |

| **PACER Service Center** |
|---|
| **Transaction Receipt** |

Case 11-3639, Document 19, 11/02/2011, 435997, Page76 of 78

| 11/01/2011 13:09:55 | | | |
|---|---|---|---|
| **PACER Login:** | gw0216 | **Client Code:** | 077852-00002-42468-docket |
| **Description:** | Docket Report | **Search Criteria:** | 1:09-cv-10155-SAS |
| **Billable Pages:** | 30 | **Cost:** | 2.40 |

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**
**Thurgood Marshall United States Courthouse**
Office of the Clerk
40 Foley Square, New York, New York 10007

```
-----------------------------------------------------------------x
```
SOFTWARE FREEDOM CONSERVANCY, INC. :
and ERIK ANDERSEN, :
 :
   Plaintiff-Counter-Defendant-Appellees, :    Case No. 11-3639-cv
 :
    - against - :
 :
BEST BUY CO., INC., :
 :
    Defendant-Counter-Claimant, :
 :
SAMSUNG ELECTRONICS AMERICA, INC., JVC :    **CIVIL APPEAL**
AMERICAS CORPORATION, WESTERN : **PRE-ARGUMENT STATEMENT**
DIGITAL TECHNOLOGIES, INC., ROBERT :    **ADDENDUM B**
BOSCH LLC, PHOEBE MICRO, INC., HUMAX :
USA INC., COMTREND CORPORATION, :
DOBBS-STANFORD CORPORATION, VERSA :
TECHNOLOGY INC., ZYXEL :
COMMUNICATIONS INC., ASTAK INC., and GCI :
TECHNOLOGIES CORPORATION, :
 :
    Defendants, :
 :
WESTINGHOUSE DIGITAL LLC, :
 :
    Defendant-Appellant. :
```
-----------------------------------------------------------------x
```

## <u>Issues Proposed To Be Raised on Appeal</u>

1. Did the District Court err in concluding that non-party Westinghouse Digital LLC

("WD") could be held in contempt of an injunction issued against Westinghouse Digital

Electronics, LLC ("WDE") under F.R.Civ.P. 65(d) based on a finding that a "substantial

continuity of identity" exists between WDE and WD and that WD could be bound as a

"successor in interest" notwithstanding the District Court's earlier finding that WD was

not a successor in interest under F.R.Civ.P.25(c) and the Second Circuit's rejection of the

"substantial continuity of identity" standard outside the context of labor law *See New*

*York v National Service Industries, Inc.*, 352 F.3d 682, 685 (2d Cir. 2003) ("*NSI II*") (*See*

*also New York v. National Services Industries, Inc.*, 460 F.3d 201, 209 (2d Cir. 2006)

("*NSI IV*"). The District Court's determination of the legal standard applicable to

F.R.Civ.P. 65(d) should be analyzed under the *de novo* standard.

2.  Did the District Court err in upholding an earlier injunction where there was no finding

    that the four factors for a permanent injunction were met because the District Court did

    not consider (1) whether plaintiffs would suffer irreparably harm and/or (2) the public

    would be disserved by the injunction. *See eBay, Inc. v. MercExchange, LLC*, 547 U.S.

    388 (2006). The District Court's determination of the legal standard applicable to

    F.R.Civ.P. 65(d) should be analyzed under the *de novo* standard.

Respectfully submitted,

Dated: November 1, 2011          /s/Barry M. Kazan
New York, New York               Barry Kazan
                                 Thompson Hine LLP
                                 335 Madison Avenue
                                 12th Floor
                                 New York, New York 10017-4611
                                 Phone: (212) 908-3921

                                 *Attorneys for Defendant-Appellant*
                                 *Westinghouse Digital LLC*